LAND, J.
This is a suit by Mrs. Anna B. Travis, suing for herself and her three minor children, to recover $20,000 damages for the suffering and death of her husband, a switchman, alleged to have been killed through the negligence of the defendant company in not furnishing sufficient lights in its yards to enable its trainmen to perform their work in safety. There was a verdict and judgment in favor of the plaintiff for $8,000, and defendant has appealed.
Travis was one of the crew engaged on a starlight night in switching freight cars in defendant’s yards at Shreveport, La. The switch engine was pushing backwards three cars on one of the side tracks, and Tra.vis was standing on the footboard of the tender. The other switchman was on the ladder of the rear car, and it was his duty to look out for obstructions and give proper signals. It was Travis’ duty to repeat the signals to the engineer. The train was moving at a speed of from six to eight miles an hour. Suddenly it collided with some stationary box cars on the track. The force of the impact broke or displaced the drawhead of the box car, and caused the car to climb the tender, thereby crushing Travis in the hips and loins. The leading switchman did not see the cars *888 on the track until too late to avert a collision. He testified that, before jumping, he signaled the engineer; but the latter swore that he did not see the signal.
Plaintiff’s case is reduced to the contention that the defendant railway was guilty of negligence in not having its yards lighted sufficiently to enable its employes to see at a safe distance standing cars or other obstructions on the tracks.
The defendant railway has never lighted its switchyards, at Shreveport, Kansas City, or elsewhere. The evidence shows that, among the prominent railroads of the country, some do and others do not light their yards with electricity. It is not shown that a majority of the railroads follow this practice, which, we are bound to know, is of comparatively recent date. Railroads which use appliances of a kind in common use are not guilty of negligence. The rule is that, where the employer does what is commonly and generally done by persons or corporations in the same general line of business, he is not guilty of actionable negligence. Elliott on Railroads (2d Ed.) § 1274; Towns v. Railroad Company, 37 La. Ann. 634, 55 Am. Rep. 508. In operating an unlighted yard the defendant was doing what railroads had done from the beginning, and what its experience of 10 years demonstrated could be done with comparative safety to its trainmen. During that long time no like accident had happened, and its switchman had been able to see obstructions on the tracks in time to prevent collisions disastrous to life or limb. Doubtless a well-lighted yard is safer than a yard not lighted; but the railroad was not bound to employ the best possible means and appliances. Id.
Plaintiff’s counsel has produced no authority in point, and it seems that this is the first case in which has been presented the contention that the operation of an unlighted switchyard is negligence per se on the part of a railroad. We presume that accidents have heretofore happened in unlighted switch-yards, and the absence of reported eases suggests that the lawyers consulted were of opinion that the injured party had no case, either because there was no negligence, or because the servant necessarily assumed the risk of an obvious danger. Although Travis started to work in the evening and was killed next morning, he as an experienced switch-man, who had worked in both lighted and unlighted yards, must have known the situation, and therefore assumed the risk. Dandie v. Railroad Co., 42 La. Ann. 689. 7 South. 792; Moffet v. Koch, 106 La. 379. 31 South. 40; Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298, 37 L. Ed. 150.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that plaintiff’s suit be dismissed, with costs in both courts.
BREAUX, C. J., concurs.