(61 South. 536.)

No. 19,308.

MUSE v. RAPIDES LUMBER CO., Limited.

(March 17, 1913.)

*(Syllabus by the Court.)*

1. MASTER AND SERVANT (§§ 101, 102*)—INJURIES TO SERVANT—NEGLIGENCE.

A defendant is not at fault and will not be held in damages to a plaintiff who was injured while in defendant's employ, if defendant's planing mill was properly equipped with all necessary appliances, and was in good order.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

2. MASTER AND SERVANT (§ 105*)—INJURIES TO SERVANT—APPLIANCES.

The use of an appliance which is shown to be general by persons of good standing in the same business with defendant, and which appliance was not shown, prior to the accident, to be more dangerous than other appliances used for the same purpose, will not constitute negligence and fault on the part of a defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 185–191; Dec. Dig. § 105.*]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by Paul Muse against the Rapides Lumber Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

Robt. P. Hunter & Sons, of Alexandria, for appellant. Blackman & Overton, of Alexandria, for appellee.

SOMMERVILLE, J. Plaintiff appeals from a verdict and judgment in favor of defendant, rejecting his demands for damages

resulting from personal injuries suffered by him while in the employ of defendant.

Plaintiff, at the time of the accident, held the position as grader at one of defendant's planing machines, where he had been employed for some years. The injuries to plaintiff resulted from the breaking of a belt which had been joined together by the use of Coval belt hooks; some of these hooks and a small portion of the belt were imbedded in plaintiff's face and neck.

The evidence shows that the belt in question was comparatively new; bought from a reputable commercial firm; that it was one of the best belts on the market; that it had been inspected by a competent and experienced mill foreman, and showed no defects or signs of breaking, just prior to the accident; and that defendant had been reasonably cautious and prudent in endeavoring to guard against injury to its employés, as compared with what was done by other competent and prudent persons operating similar machinery.

Plaintiff bases his claim upon two grounds, as stated in argument:

"First. That it was negligence on the part of defendant to fasten the ends of the belt together with metal hooks, and that a safer method of fastening the ends of the belt was by means of leather laces, which latter method was not resorted to by defendant until after the accident.

"Second. That the belt used on the occasion of the accident was unsafe and dangerous."

And he argues that the defendant company had knowledge of the fact that the metal hooks referred to were dangerous because of damages resulting from them on former occasions when belts broke; and that, after one of those accidents, it substituted leather laces for metal hooks in joining the ends of the belt; and that, since the accident to plaintiff, defendant had substituted leather laces for metal hooks in joining nearly all the belts used by it in operating its planing mills.

It is shown that all machinery belts break, and that there is always ·danger in operating them. And it is also shown that less damage would result to a person if struck by the fastenings of a broken belt, if that belt were joined together with leather laces, than if it were joined with metal hooks.

It is also shown that the Coval metal hooks have been for a long time, and are now, in general use in operating planing mills in this section of the country.

The question is: Was defendant negligent and at fault in using metal hooks to join the ends of the belt it was using, specially in view of the fact that it had previous knowledge of the damage resulting from the breaking of belts fastened together with such hooks?

It is true that defendant had the knowledge that metal hooks and leather laces both were in use for the purpose indicated; it also knew that, while the use of metal hooks was quite general, it had learned of an accident resulting from the breaking of a belt thus joined, and that that accident had happened in its own plant. One witness testified that he had been struck by metal hooks on three occasions, and that he had reported two of these accidents to the foreman of plaintiff. Two of these three accidents to this witness appear to have been slight. Another witness testified to a slight accident to himself from a like cause happening about one-half hour after plaintiff was injured.

[1] In view of this evidence, defendant cannot be held for negligence. Only one serious accident ever happened, so far as the record shows, from the hooks which joined a breaking belt on a planing mill, either in defendant's plant or elsewhere, up to the time of the accident to plaintiff.

[2] The testimony satisfies us that defendant, at the time of the accident, had properly equipped its planing mills with all necessary appliances, and that they were in

good order; that the danger from metal hooks on the breaking of a belt fastened with them was not appreciated by defendant or other persons in the business of planing lumber at the time of the accident to plaintiff; and that defendant is not at fault for having used such metal hooks at that time.

Judgment affirmed.