LAND, J.
On June 18, 1918, the minor son of the plaintiffs, while riding a bicycle in Erenchmen street, between Villere and North Claiborne, and while opposite the place of business of Oster Bros. Carriage & Wagon Manufacturing Company, was run down by a truck, owned by John V. Harris, and operated by his driver, and was instantly killed in a head-on collision.
In the present suit the parents of deceased seek to recover damages against both defendants, individually and in solido, in the sum of $30,000.
The petition shows that the accident,happened in the afternoon of June 18, 1918, while the son of plaintiffs, 11 years old, was proceeding on a bicycle between two rows of vehicles, parked by defendant company on either side of Erenchmen street, which is alleged to be “a narrow thoroughfare, barely sufficient space for the passage of ordinary traffic”; said vehicles extending a distance of about half of a block along said" street.
It is charged in plaintiffs’ petition that the Oster Bros. Carriage & Wagon Manufacturing Company is guilty of negligence and is liable in damages to plaintiffs because of their congregating these vehicles 'upon this public thoroughfare in such manner and number “as to render said street confined and dangerous,” and it is charged that the truck *993 of defendant John V. Harris approached “without signal, at a high rate of speed, and was operated recklessly between these rows of vehicles, by an incompetent and unskillful driver, who had defective vision in one of his eyes.
It is alleged therefore that the lad, while between these rows of vehicles, in a street naturally insufficient for ordinary traffic, and, on the occasion of this accident, rendered more confined and dangerous because of the parking of these vehicles, was run over by this truck, driven in a reckless manner, and was killed.
The trial judge sustained the exception of no cause of action as to Oster Bros. Carriage & Wagon Manufacturing Company, upon the theory that plaintiffs relied, as the basis of their charge of negligence against this defendant, upon a mere allegation of the breach by it of a city ordinance of the city of New Orleans against the obstruction of the streets; the lower court stating, in support of its ac-. tion:
“C. C. art. 2315, requires some fault within the line of their [defendant company’s] business; i. e., some action injurious to plaintiff, not mere failure to observe city ordinances.”
In no place in the petition in this case do we find it charged that defendant company has violated any ordinance of the city of New Orleans against the parking of vehicles or otherwise. No ordinance is annexed to the petition, or found in the record, and no briefs have been submitted in the case by either side.
As a district court cannot take judicial cognizance of city ordinances, it is clear that, where no violation of an ordinance is charged in a suit for damages as the basis of fault, the existence of an ordinance cannot be presumed, especially in disposing of an exception of no cause of action, which must be decided upon the state of facts appearing upon the face of the petition.
The plaintiffs have alleged clearly that the parking of these vehicles along Frenchmen street enhanced the danger of accidents to those using the narrow pathway left for traffic, and was a contributing cause to the accident and death of their son. That such allegation is sufficient, even had defendant company been charged with the violation of a city ordinance in plaintiffs’ petition, is well-settled law. Darsam v. Kohlmann, 123 La. 171, 48 South. 781, 20 L. R. A. (N. S.) 881, citing numerous authorities.
When it is considered that these vehicles were parked for half of a block along Frenchmen street, and on both sides of it, thereby rendering traffic for a considerable distance dangerous to vehicles in the street, the situation is presented as that of a trap, imperiling the safety of all who may enter it, and with no avenue left open of escape, if the driver of 4 vehicle should enter one end of this trap in a reckless manner, while some one was approaching from the opposite end, as in the present case. As these vehicles 'had been assembled in Frenchmen street near the place of business of defendant company for repair, the congestion created in said street by the presence of these vehicles was obviously a fault of defendant company in the management of its business, and a contributing cause of the injury, as the lad was deprived of any egress of escape from the accident by the congestion of the street with the vehicles of defendant company.
The judgment appealed from is therefore set aside and annulled, and the case is remanded, to be proceeded with in due course; defendant company to pay costs of 'appeal.