BRANDT v. N. O. PUBLIC SERVICE, INC.

—

(February 2, 1931. Opinion and Decree.)

—

Tracy & Neuhauser, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff sues the defendant, a carrier of passengers, for damages for personal injuries and loss of wages, etc., resulting from a fall from the front vestibule or platform to the pavement while alighting from a car of the defendant company, about 6:30 p. m., April 4, 1928, at Carrollton avenue and Dumaine street, this city.

There are three charges of negligence in the petition:

First, that the motorman had left the front vestibule *door open in violation of* a city ordinance.

Second, that the defendant had failed to provide a handle bar on the right front door in order to assist passengers in safely alighting.

Third, that the motorman carelessly left the front vestibule door open, allowing the rain to beat upon the floor, causing it to be slippery and unfit for safe transportation of passengers.

Defendant denied liability and alleged the car was in good condition and properly equipped; that there was a handle bar on the right front vestibule door for the use of passengers; that the step was wet from rain and that the platform or vestibule was damp and wet from shoes, umbrellas, and raincoats of passengers using it, but was not slippery or dangerous for passengers; that the same platform and step

had been used by numerous passengers that day and that none of them slipped while using the platform or step; and that the plaintiff's fall was due to his own carelessness in alighting from the step of the car.

The judge of the lower court dismissed the suit, holding that the car was at the usual alighting place, properly stopped; that though the step was wet, a number of passengers had safely alighted from the car during the same trip; that the car, platform, and step were in good condition, and that defendant was without fault. From this judgment plaintiff has appealed.

We first observe that the plaintiff has failed to offer in evidence the alleged city ordinance requiring the defendant, as a public carrier of passengers, to keep the vestibule doors of the car closed. In the case of Valenti et ux. v. Oster Bros. Carriage & Wagon Manufacturing Co., 154 La. 991, 98 So. 553, the Supreme Court held that a city ordinance must be alleged and proven the same as any other fact. It is clear, therefore, that the plaintiff's first contention is, without merit.

As to the second question presented, we are of the opinion that the preponderance of the testimony shows that the car in question was equipped with a long, upright handle on the right of the front step and on the left thereof is the usual post, equally available for passengers in alighting; and that the brass handle which plaintiff contends was missing was on a different type of car than the one in question. It is likewise clear that the second contention of the plaintiff is not well founded.

Taking up the third contention of the plaintiff, that the floor of the vestibule became slippery because of the rain and was,

therefore, unsafe for passengers, the record shows that on the evening of the accident, the plaintiff was a passenger on the street car in question. The car stopped at the usual place where passengers were discharged and that the plaintiff and other passengers alighted therefrom. All of them safely alighted except the plaintiff, who either slipped from the front platform or step of the car and fell to the pavement and injured himself. It appears that the floor of the vestibule was made of lattice strips of wood, and that the floor was damp and wet from the shoes, umbrellas, and raincoats of the passengers on account of the fact that it had been raining that evening.

It is shown that the floor and step did not have any mud or slippery substance on them and that all of the passengers on the car that day, and particularly that evening, used the same vestibule floor and step and alighted from the car in safety. While the plaintiff and his brother testify that he slipped from the vestibule floor to the ground, three disinterested witnesses testified that he fell from the step of the car; but in either case the preponderance of the evidence shows that the step, handle bar, and floor of the vestibule were in good order and that the floor and step of the car were free from any mud or substance that might cause or tend to cause a passenger to slip and fall.

In the case of Caillier v. N. O. Railway & Light Co., 11 La. App. 93, 120 So. 76, the court said:

"A defendant can only be required to guard against an anticipated danger.

"'Negligence' is the failure to use such care as is necessary to avoid a danger which should and could have been anticipated. * * *

"Evidence that no accident had occurred for a long time after the existence of a certain condition of things, and that none suggested itself to the mind, would justify the failure to anticipate possible danger."

In Schuh v. New Orleans Public Service, 5 La. App. 57, it was held:

"A defendant cannot be charged with negligence for continuing an act from which no injury has resulted and from which none could be anticipated."

See also Barnes v. City of New Orleans, 4 La. App. 503; Gilliam v. Texas & P. R. R. Co., 114 La. 273, 38 So. 166; Sharp v. N. O. City R. Co., 111 La. 395, 35 So. 614, 100 Am. St. Rep. 488; Veith v. N. O. Ry. Co., 152 La. 47, 92 So. 730; Cusimano v. N. O. Public Service, 12 La. App. 586, 122 So. 903.

In Nee v. N. O. Public Service, Inc., 11 La. App. 1, 123 So. 135, where, on a similar wet day, plaintiff claimed that she slipped and fell in the aisle of the car, the court said:

"A carrier, street car company, is not made liable to a passenger merely by reason of the happening of an accident, and if it can show that the cause of the accident was something beyond its control, or was the negligence of the passenger injured, no liability results. It is not an insurer of the safety of passengers."

In the light of the foregoing authorities, and after a careful reading of the record, we are of the opinion that the finding of the trial court that the defendant was free from fault is correct. The judgment appealed from is therefore affirmed.

WESTERFIELD, J., absent and takes no part; HUGH C. CAGE, Judge of Civil District Court, Parish of Orleans, and Judge ad hoc, participating.