## HORN v. DRAUBE

———

(February 16, 1931. Opinion and Decree.)
(March 2, 1931. Rehearing Refused.)

———

Prowell, McBride & Ray and Welton P. Mouton, of New Orleans, attorneys for plaintiff, appellee.

Moise & Dunbar, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit to recover the sum of $300 damages, for personal injuries, the value of a suit of clothes, etc., alleged to have resulted from an intersectional collision, which occurred about 3:00 o'clock in the afternoon on December 3, 1929, between a truck of defendant and a Ford coupe automobile driven by the plaintiff. The charges of negligence against the driver of defendant's truck are that he was operating it at an excessive rate of speed, without keeping a proper lookout, and in failing to yield the right of way to the coupe, as it entered the intersection first. The defendant denied these charges and averred that the accident was caused solely through the fault of plaintiff in suddenly driving the coupe into the path of the truck, which had the right of way. There was judgment in favor of plaintiff for the sum of $200, and defendant has appealed.

The record shows that the plaintiff was employed as a salesman and was driving the Ford coupe car of his employer on Loyola street in the direction of downtown, and that this is a two-way unpaved street. The defendant's truck was being driven on Upperline street in the direction of the lake, and it appears that this is a one-way paved thoroughfare. The only witnesses to the accident are the driver of defendant's truck and the plaintiff.

Plaintiff testified that, as he approached the intersection, he stopped, looked out Upperline street toward the river, and saw defendant's truck approaching at a very rapid rate of speed about fifty yards away, and that, believing that he had sufficient time to cross, he started the car and had reached a point past the center of the intersection, when the right front side of defendant's truck struck the right rear wheel of the Ford.

The driver of the truck was a young man nineteen years of age, and he testified that he was driving back Upperline street towards the lake, at a moderate rate of speed, and was within twenty feet of the corner when he saw the plaintiff's car at the intersection of Loyola and Upperline streets; that the plaintiff tried to "beat me across the street and I struck him on the right fender and his right rear wheel hit the curb"; that he was traveling on the right side of Upperline street, and, in order to avoid striking the Ford coupe, turned the truck towards the left; and that he stopped on the uptown side of Upperline street.

Neither the plaintiff nor the defendant pleaded or offered in evidence the traffic ordinances of the city of New Orleans, which must be pleaded and proved as any other fact. Therefore the traffic ordinances are not before us. Valenti et ux. v. Oster Bros. Carriage & Wagon Mfg. Co., 154 La. 991, 98 So. 553.

The plaintiff contends that the defendant should be held liable because the Ford car entered the intersection first, as testified to by himself, and as shown by the physical fact of the truck striking the right rear wheel of the Ford car.

Defendant contends that the plaintiff was in a position of safety, having stopped and seen the defendant's truck approaching, and that he was solely at fault in attempting to cross in front of the oncoming truck, twenty feet away.

We are convinced that the plaintiff is mistaken in his estimate of the distance that the truck was from the corner at the time he attempted to cross. To accept his version the truck would have had to be going at the rate of about fifty miles per hour to have struck him. It further appears to us that the truck was not being operated at an excessive rate of speed, because it stopped practically in the intersection. The plaintiff had stopped b car in a position of safety, saw the approaching truck, and then ventured to cross in front of it, and, in doing so, was guilty of negligence and carelessness.

As soon as the driver of the truck saw that the plaintiff was going to attempt to cross in front of the truck, he immediately applied his brakes and swerved to the left in order to avoid the collision. This accounts for the truck striking the rear wheel of the Ford car. Under these circumstances we are of the opinion that the plaintiff was solely at fault, and that the defendant was free from negligence, and, therefore, not liable.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant, dismissing plaintiff's suit.