## CARTER v. NEW ORLEANS PUBLIC SERVICE, Inc.
### No. 14131.

Court of Appeal of Louisiana. Orleans.
Feb. 13, 1933.

R. A. Dowling, of New Orleans, for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a passenger against a public carrier to recover damages for personal injuries, medical expenses, and loss of wages. The petition alleges that on November 3, 1929, about 9:30 p. m. at the corner of St. Charles and Canal streets, as plaintiff attempted to descend from one of defendant's street cars and had one foot on the step and the other on the platform of the car, the motorman carelessly and negligently closed the automatic door before she had alighted and thereby jammed her left knee between the door and the iron rod in the middle of the door, causing her severe pain until the motorman released the door.

The defendant answered denying the allegations of the plaintiff's petition as to how the accident occurred and averred that after plaintiff had safely alighted from the street car onto the neutral ground, she stumbled and fell through no fault on the part of defendant or its employees.

There was judgment in favor of defendant dismissing plaintiff's suit and she has appealed.

Plaintiff and her witness, Alexander Lee, who was standing on the uptown, lake corner of St. Charles and Canal streets, testified that as plaintiff attempted to descend from the street car, after it had stopped and two passengers had safely alighted therefrom, and while she had one of her feet on the car step preparatory to stepping to the ground, the motorman, without any warning, pulled the lever of the automatic door which caused her left or right leg, about the knee, to become jammed between the folding door and an iron rod, causing her to fall face forward to the ground.

The motorman and Mrs. Amelia Mason, who was standing on the neutral ground about four feet from where plaintiff fell, testified that the car had come to a full stop; that two passengers had safely alighted therefrom before plaintiff attempted to get off; that she had completely descended to the neutral ground when she stumbled and fell; that the motorman did not close the folding doors and steps of the vestibule of the car until after the plaintiff was safely on the ground; and that plaintiff had at no time become engaged or caught in any part of the mechanism of the doors or step.

The conductor testified that he did not see the accident, but upon interviewing plaintiff she stated that she slipped from the step.

Maurice Chopin, an adjuster of the defendant, stated that he interviewed the plaintiff and she told him that she had both feet on the step when the motorman pulled the lever and closed the door and caused her to be thrown forward onto the neutral ground.

Defendant also produced an expert whose testimony was to the effect that, when any weight was on the step, it was a physical impossibility for the motorman, or any one else, to close the step and doors of the street car.

A careful reading and study of the record leaves us with the conviction, as it apparently did our learned brother below, that the defendant has successfully rebutted the prima facie case which the plaintiff established, and exculpated itself from fault. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376; Brandt v. New Orleans Public Service, 15 La. App. 391, 132 So. 244.

For the reasons assigned the judgment appealed from is affirmed.