**DI LEO v. DU MONTIER.**

No. 17234.

Court of Appeal of Louisiana. Orleans.

April 8, 1940.

Rehearing Denied April 22, 1940.

Guy J. D'Antonio, of New Orleans, for appellant.

Frank T. Doyle, Nicholas Masters, and Porteous, Johnson & Humphrey, all of New Orleans, for appellee.

JANVIER, Judge.

. This suit results from an intersectional collision between two automobiles at the corner of North Villere and Bienville Streets in this city on the afternoon of October 4, 1938. The vehicles involved were a La Salle sedan belonging to plaintiff, Anthony Di Leo, and driven by his minor son, and a Hupmobile sedan owned and operated at the time by defendant, Miss Yolande Du Montier. The La Salle sedan was on its way down North Villere Street and the Hupmobile sedan was proceeding in Bienville Street, towards the Mississippi River, so that the Hupmobile approached the intersection from the left of the La Salle. Both automobiles sustained damage.

Di Leo, seeking recovery for the amount expended by him in repairing his car, alleges that his son was entitled to the right of way because of the city traffic ordinance, No. 13,702 C. C. S., and because his said son had entered the intersection first and had thus pre-empted it; and he avers that Miss Du Montier was negligent in failing to yield the right of way and that she was also in fault in that she approached the intersection at a speed of between twenty and twenty-five miles per hour and in that she drove into the intersection without maintaining a proper lookout.

Miss Du Montier denies that she was in any way at fault and asserts that the cause of the accident was the negligence of plaintiff's son in operating the La Salle at an excessive rate of speed and she also asserts that she had entered the intersection first and that, therefore, plaintiff's son should have yielded the right of way to her. She charges that young Di Leo was solely at fault in driving the said La Salle at an excessive rate of speed, in failing to have it under control as he entered the intersection, and in failing to observe her car, as he should have done, and she, like plaintiff, relies upon the provisions of the city traffic ordinance No. 13,702 C. C. S.

Assuming the position of plaintiff in reconvention, Miss Du Montier prays for judgment against Di Leo for the cost of repairing the damage sustained by her Hupmobile sedan, alleging that the said Di Leo is liable for the negligent acts of his minor son, who was and is living with him.

In the court a qua there was judgment dismissing both the main and reconventional demands. Di Leo has appealed and Miss Du Montier has answered the appeal.

█ Though both parties, in their pleadings, relied upon the traffic ordinance referred to, neither offered it in evidence, and we are, therefore, not privileged to take its provisions into consideration. Brandt v. New Orleans Public Service, Inc., 15 La.App. 391, 132 So. 244; Horn v. Draube, 16 La.App. 17, 132 So. 531.

█ A reading of the evidence clearly discloses the fact that the accident cannot be said to have resulted from the negligence of either of the drivers alone, either in the matter of not recognizing the right of the other, or in the matter of speed, but from the joint negligence of both in driving into the intersection without stopping and without carefully looking for other traffic. Each driver claims to have stopped before entering the intersection and each claims to have almost traversed the crossing when struck by the vehicle of the other. There are witnesses who corroborate the statements of each and, in fact, these witnesses are about equally divided numerically, and in their testimony, though we find minor inconsistencies, we are unable to point to anything which would justify the conclusion that the evidence given by any one of them should be completely disregarded.

The Di Leo car is shown to have skidded a few feet before the impact occurred and

this indicates, to some extent, speed on its part, and the Du Montier car is shown to have been a very old model with a slow "pick-up" and, consequently, Miss Du Montier's attempt to drive it across in front of the other car, which was in plain view and which was approaching at considerable speed, indicates carelessness on her part. It is quite apparent that there is no manifest error in the conclusion reached by the trial judge that both drivers were at fault.

Since it is shown that young Di Leo was a minor and was residing with his father, it follows that his said father is responsible for any loss resulting from his negligent acts. Revised Civil Code, Art. 2318. Therefore, being responsible for the results of these negligent acts of his son, he is prevented from recovering for the damage sustained by his car.

Miss Du Montier, as we have said, was herself at fault. Therefore she cannot recover.

The judgment appealed from is correct, and, accordingly,

It is ordered, adjudged and decreed, that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.

McCALEB, J., absent, takes no part.