The Reimann Construction Company, Inc., was the general contractor engaged in the erection of the First Presbyterian Church on the corner of Jefferson and South Claiborne Avenues. The Maryland Casualty Company was its insurer. J.E. *Page 212 
and E.A. Hemenway, with the Employers Liability Corporation, Ltd., as their insurer, has a sub-contract for the driving of piles for the foundation of the church. The Hemenways completed their contract and removed their pile driver from the premises to a point nearby on Jefferson Avenue, which had been dedicated by the City of New Orleans as a public street, but which had not been opened to traffic. While the pile driver was in this position, several young men, among them, Thomas O'Neill, a minor eighteen years of age, in order to take advantage of the shade afforded by the pile driver, sat beneath it on a piece of timber. While O'Neill was seated under the pile driver he was struck by a bolt of lightning during an electrical storm which arose shortly after he seated himself. He died a few hours later. His parents brought this suit against the Reimann Construction Company, Inc., and its insurer, the Maryland Casualty Company, and the two Hemenways and their insurer, the Employers Liability Corporation, Ltd., in solido, claiming $30,500 as damages for the death of their son.
Plaintiffs, in their petition, allege that the Hemenways were negligent in permitting their pile driver to remain for an unnecessary length of time on a public street, knowing that it was attractive to lightning, without taking necessary precautions, such as "grounding" and also because they violated the provisions of Ordinance 9357 C.C.S. known as section 75 of the Building Code of the City of New Orleans, relating to the storage of any article dangerous or detrimental to life or health in the public street. The general contractor, Reimann Construction Company, Inc., and its insurer were impleaded because it was alleged that they "permitted defendant, Hemenways' dangerous instrumentality to remain on a public street".
The defendants Reimann Construction Company, Inc., and its insurer, filed exceptions of no right or cause of action which were maintained and plaintiffs' suit dismissed as to them. The other defendants filed an exception of vagueness which was maintained and plaintiffs were permitted to amend their petition. Thereafter they filed an answer to the merits, denying all responsibility for the accident.
There was judgment below in defendants' favor dismissing plaintiffs' suit and they have appealed devolutively therefrom. No appeal has been taken from the judgment maintaining the exception of no cause of action so we are concerned only with the suit as it affects the Hemenways and their insurance carrier.
The charges of negligence against the Hemenways are twofold: First, the failure to ground the metallic portion of the pile driver; and, second, the obstruction of or trespassing upon a public street by placing a dangerous object thereon.
The obligation of an undertaker is to execute the work in the manner and with such care as prudent and careful men discharge similar functions and perform similar work.
In Harris v. Yazoo Mississippi Valley Railroad Company, La.App. Second Circuit, 183 So. 108, 111, it was said: "As a general rule, one is not negligent or careless who performs work in the manner it is usually and customarily performed by prudent and careful men, engaged in like or similar business."
The Supreme Court in Jacob v. Illinois Central Railroad Company, 133 La. 735, 63 So. 306, 309, said: "Where an employer does what is commonly and generally done by persons or corporations in the same general line of business, he is not guilty of actionable negligence for injuries resulting from accidents. Travis v. Railroad [Co.], 121 La. [885] 887, 46 So. 909; Muse v. Rapides Lumber Company, 132 La. 488, 61 So. 536."
We said in Caillier v. New Orleans Railway Light Company, 11 La.App. 93, 120 So. 76, 78:
"`Negligence' has been defined to be the failure to use such care as is necessary to avoid a danger which should have been anticipated, by reason of which the plaintiff has suffered injury. Lopes v. Sahuque, 114 La. [1004] 1011, 38 So. 810; Baltimore P.R. Company v. Jones, 95 U.S. 439, 441, 24 L.Ed. 506; 6 Cyc. 591.
"A defendant can only be required to guard against a probable or anticipated danger. New Orleans N.E.R. Company v. McEwen 
Murray, 49 La.Ann. 1184, 1196, 22 So. 675, 33 L.R.A. 134 * * *".
See, also, Brandt v. New Orleans Public Service, Inc., 15 La.App. 391, 132 So. 244.
"The common usage of a business or occupation is frequently stated to be a test of care or negligence, and accordingly, conformity to custom or usage is very generally *Page 213 
regarded as a matter proper for consideration in determining whether or not sufficient care has been exercised in a particular case, * * *." 45 Corpus Juris, 706.
In Jones v. Jahncke Service, Inc., 3 La.App. 270, it was held, as stated in the syllabus written by the Court, that: "In the use of machinery the owner is only bound to use such precautions as are ordinarily used by men of ordinary care and prudence or by men generally engaged in the same business".
The pile driver was sixty feet in height and was stored with the hammer, weighing some ten thousand pounds, resting on heavy timbers. John E. Hemenway, with fifty-two years experience and Henry Boh, who had been in the business twenty-six years, testified that this was the usual way of storing pile drivers when not in use. Neither Hemenway nor Boh knew of a driver in this City being struck by lightning except twice; thirty-five or forty years ago at West End and a few years ago on the Industrial Canal. The latter was struck while in operation. In both cases there was considerable damage done the driver by the lightning.
Defendants were under no obligation to guard against every possibility of harm, but only such harmful contingencies as might be reasonably expected. It has been shown that lightning very rarely strikes pile drivers, consequently, defendants were not obliged to ground the driver. Moreover, it is not certain that the lightning struck the driver, since it sustained no damage of any sort.
The second and last charge of negligence is to the effect that defendants obstructed the public street by placing a dangerous object thereon.
At the time of the unfortunate occurrence, the pile driver was on a portion of Jefferson Avenue, which had been dedicated by the City of New Orleans as a public street, but which had not yet been opened to traffic. It was, therefore, in a sense not a public street.
One cannot be held for obstructing or trespassing upon an unopened street, because it is not yet in public use. Willey v. People, 36 Ill. App. 609; Com. v. Jackson, 10 Pa. Super. 524; Kennedy v. State, Tex. Cr.App., 40 S.W. 590.
In 29 Corpus Juris, Section 373, page 622, appears the following: "It is generally held that an illegal obstruction of a highway cannot occur unless the highway has been actually opened and rendered passable for travelers; * * *."
Even if defendants were trespassers, the law does not compel the impossible. Nemo tenetur ad impossible is a maxim as old as the Civil law. Morgan's Legal Maxims. 173.
If defendants were trespassers, that fact alone would not render them liable for O'Neill's death. It is well settled that a violation of law constitutes actionable negligence only where the violation is the proximate cause of the injury or death. See Jimes v. Fidelity Casualty Company of New York, La.App., 163 So. 421, and Richie v. Natchitoches Oil Mill, La.App., 178 So. 752.
We conclude that the defendants were not guilty of negligence; consequently, and for the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.