Katz Realty Company, Inc., is the owner of a two-story apartment dwelling in the city of New Orleans, bearing municipal number 520 Saratoga street. Prior to March 24, 1940, the upper apartment of the building was rented by the defendant, Ralph Katz, the president of the corporation, to a colored man named Marshall Lee Grant. The latter sub-leased a portion of the apartment to his son-in-law, Elliot Golden, plaintiff in this case. On March 24, 1940, the three year old infant child of Golden, while traversing the stairway leading from the apartment to the ground floor, fell down the stairs and suffered physical injuries. Thereafter Golden instituted this suit against Katz in the First City Court for $300 damages, $100 of which is claimed for his own mental anguish because of the injury to his child and $200 for the physical pain and suffering of the minor.
The suit is founded on the theory that Katz was guilty of negligence in that he failed to protect the stairway leading from the lower to the upper apartment, where plaintiff lived, with a railing or bannister and that it was the absence of such bannister which caused his child to fall and sustain the alleged injuries. Golden further averred that, at the time he and his family moved into the premises of the defendant, the balustrade or bannister was missing from the stairway; that he, at that time and many times since, requested the defendant to provide such a safeguard and that, notwithstanding the fact that the latter promised to install it, he negligently failed to do so.
The defendant Katz denied any liability to plaintiff for the consequences of the accident. He asserted in his answer that there was never at any time a railing or bannister on the edge of the stairway leading to the apartment occupied by the plaintiff; that he made no promise to install one at the time he rented the apartment to plaintiff's father-in-law, nor at any time thereafter; that plaintiff's father-in-law accepted the property as it was, and specifically agreed that, if there was any defect in the premises, he would assume all responsibility for damages claimed by any sub-lessee or occupant of the premises in accordance with the provisions of Act No. 174 of 1932.
On the trial of the case, it was brought out that the property was owned by Katz Realty Company, Inc., and not by the defendant, Ralph Katz, and a stipulation was entered into substituting the former as the defendant in the place and stead of Katz. After hearing the evidence submitted by the parties, the trial judge granted judgment in favor of the plaintiff and against Katz Realty Company, Inc., for the sum of $100. Wherefore, this appeal.
A perusal of the record reveals that, while there is no doubt that the infant child of the plaintiff fell and sustained injuries somewhere within the apartment building, the testimony in the case is most vague and indefinite, with respect to the place where the infant fell and as to the cause of the fall. In view of this, it becomes necessary to examine the evidence in order to determine whether the trial judge reached the correct conclusion. *Page 414 
The undisputed facts show that the grandfather of the child, Marshall Lee Grant, rented the upstairs apartment of the building from Katz by verbal lease from month to month. This apartment consists of four rooms, two in the front, which are separated by a hall and a small stairway leading to the other two rooms in the rear. The hall also leads to a staircase containing 21 steps, which provides an entrance to and exit from the apartment. These stairs are embedded into the wall of the building on one side but have no railing or bannister on the other side. It is plaintiff's claim that the child fell off the open side of these stairs.
Grant, the tenant, testified that he leased the apartment from Katz and that he subleased a part of it to his son-in-law (the plaintiff) and his daughter, who occupied it with him. He further states that, at the time he rented the apartment and thereafter, Katz promised to install a railing on the stairway leading to the apartment but that he failed to do so. This statement is denied by Katz who declares that, when he purchased the building for the Katz Realty Company, the stairs did not have a railing; that Grant never requested him to install one and that he had no intention of doing so because he rented the property to Grant in its "present" condition.
Grant did not see the accident and was unable to testify with respect to the manner in which it occurred. Nor did the mother of the child witness the fall. In fact, the only witness who contends she was present and saw the child fall is Elfreida Martin, a colored woman who occupied the lower apartment. An examination of her testimony discloses that it is vague and uncertain with respect to the place where the child fell and as to the cause of the fall.
Katz and his son, Label Katz, testified that Grant and the child's mother told them that the infant fell on the stairs situated inside the upper apartment and that no mention was ever made of the flight of steps leading to the apartment.
In view of the uncertainty of the testimony with respect to the place where the child fell and the cause of the fall, it is difficult to perceive the reason which prompted the conclusion of the trial judge that the child's fall was attributable to the owner's failure to provide a bannister for the stairway. In truth, it seems to us that the plaintiff has apparently lost sight of the fact that recovery in cases of this kind must be founded on some fault of the owner of the building. The owner is not an insurer of the safety of the tenants or occupants.
The pertinent provisions of the Civil Code are articles 670, 2315 and 2322 and possibly, if the child should be regarded as occupying the status of a tenant, articles 2692 and 2693. But those articles do not provide for liability of an owner because his building is not equipped with all safeguards against possible dangers which might be encountered in the use of the premises. They merely make him accountable for his neglect to keep his building in repair and for defects therein which are caused by vices of original construction. The failure to provide a bannister on a stairway cannot be regarded as a vice in construction in the absence of a building law or ordinance requiring it.
In the case of Guidry v. Hamlin, La.App., 188 So. 662, 665, in which a writ of review was denied by the Supreme Court on June 26, 1939, this court had occasion to consider and interpret the foregoing codal articles in connection with an accident somewhat similar to the one in the case at bar. There, the infant child of the plaintiff fell from a porch which was protected by a bannister consisting of two horizontal rails. Plaintiff predicated his cause of action on the theory that it was the duty of the owner of the building to provide a porch bannister with vertical pickets so that it would be impossible for the child to fall. We found that none of the above-cited articles of the Civil Code were applicable to the case and held that "There is no duty in the owner of a building, whether to his tenant, or to anyone rightfully within the building, to provide any particular type of construction, unless, of course, the rail, or the stair, or the floor, which is complained of, obviously provides a trap, or is dangerous even to the reasonably prudent person."
The testimony in the instant matter reveals that the stairway complained of is embedded into the wall on one side and that at no time has there been a railing or other protection on the other side of the structure. We cannot say that the absence of a railing is, in itself, a vice in original construction as contemplated by Article 2322 of the Civil Code, for, as we observed in Guidry v. Hamlin, supra: "Thus Article 2322 does not apply to the situation for the reason that that article, like C.C. Art. 670, has *Page 415 
no reference to any situation except that in which some part of the building collapses, or breaks, or gives way. * * * The owner is not made liable under either article because there is a `vice' in original construction, unless there is a `ruin' of the building under the one article, or a `fall' of some part of the building under the other."
In the case at bar, plaintiff has not offered in evidence any provisions of the building code of the city of New Orleans which requires that bannisters be furnished to stairways and we take cognizance of the fact that there are many buildings in which the stairs are not thus equipped. In the absence of an ordinance or law prohibiting the erection of stairways without bannisters, we cannot hold that the failure to install a bannister is a vice in construction. All stairways are hazardous to infant children whether they are equipped with railings or not. When Grant leased the apartment from the realty company, the latter was entitled to assume that, if there were any young children who would occupy the apartment, those in authority would protect them and would see to it that they would not be permitted to wander alone on the stairway or any other place from which they might fall.
Aside from this, even if it be assumed that the defendant was guilty of negligence in not providing a bannister, we think that the proof submitted by the plaintiff in this case is wholly insufficient to authorize the conclusion that the absence of such bannister had any causal connection whatever with the child's fall.
For the reasons assigned the judgment appealed from is reversed and it is now ordered that plaintiff's suit be dismissed at his cost.