The plaintiff, Pacific Fire Insurance Company, as the subrogee of Dr. and Mrs. Herman deB. Seebold, the owners of the property constituting the uptown-river corner of Prytania and Second Streets in New Orleans, brought this suit against defendants for $255, the amount of damages inflicted upon the fence surrounding the See bold property as the result of its being run into by one of the two automobiles involved in the accident hereinafter described. The defendants are Dr. Edward L. Levert and his insurance carrier, Employers' Liability Assurance Corporation, Ltd., and Mr. and Mrs. John Kennedy. There is no dispute as to the quantum of damages.
The accident occurred at the intersection of the said two streets on July 22, 1946. Dr. Levert was driving his automobile up Prytania Street, and the Kennedy car, which was being driven by Mrs. Kennedy, was proceeding on Second Street in the direction of the river; the two cars collided in the intersection, and the Kennedy car ran onto the sidewalk and crashed into the Seebold fence.
The matter was heard on its merits in the court below, and plaintiff recovered judgment against Dr. Levert and his insurer. The demands against the Kennedys were dismissed. This appeal was taken by Dr. Levert and his insurer from the judgment insofar as it operates against them.
[1] It is to be noted at the outset that no appeal has been taken from that portion of the judgment which dismissed plaintiff's demands against Mr. and Mrs. Kennedy, and it is obvious that the suit as against the Kennedys is not before us and no consideration can be allotted to it. Thalheim v. Suhren, 18 La. App. 46,137 So. 874; Vogt v. Jannarelli, La. App., 198 So. 421; Lanza v. Metcalf, La. App., 25 So.2d 453. Therefore, the only question tendered is whether Dr. Levert was in any wise negligent respecting the accident.
The negligence imputed to the drivers is that they operated their respective vehicles in an imprudent manner, and that the accident occurred because of their failure to have their cars under proper control, so as to be able to avoid striking each other. The further charge is made that each car failed to accord the other the right of way. Each defendant denied responsibility for the accident.
[2, 3] Plaintiff, in its petition, relied upon Ordinance No. 13,702, C.C.S. of the City of New Orleans, but the ordinance was not offered in evidence and is not before us, and we are not privileged to take judicial cognizance of its existence. Like any other fact, a city ordinance must be both alleged and proved, and where there is failure to meet these requirements the ordinance cannot be considered. Brandt v. New Orleans Public Service, Inc., 15 La. App. 391, 132 So. 244; Horn v. Draube, 16 La. App. 17, 132 So. 531; Di Leo v. Du Montier, La. App., 195 So. 74.
Although six persons testified regarding the accident, the only eyewitnesses were the drivers of the cars. The testimony of the other witnesses was confined to the location of broken glass, oil and skid marks in the intersection, and is of very little value to the court. There exists the usual divergence of opinion as to speed and distances, and also as to the exact location where the vehicles came together. The Kennedy car was struck by the front part of the Levert automobile at about its left front door, and it is inferable from the testimony as a whole that Mrs. Kennedy had crossed to a point a little beyond the middle of the intersection when the impact occurred.
Mrs. Kennedy stated that there is a "slow" sign at the intersection, and that she stopped completely upon reaching it and observed the Levert car approaching from her left on Prytania Street, she estimating it to be about "three-quarters down," evidently meaning that it was three-quarters of a block away. *Page 798 
Dr. Levert's testimony is that he first saw the Kennedy car when he reached about "10 feet, 12 feet" from the downtown curb of Second Street, and that it was in motion endeavoring to cross the intersection, its front bumper being just about the level of the Prytania Street curb. However, during his cross-examination, the doctor made the statement that he observed the Kennedy car when he was about thirty feet from the intersection, and that he saw it "go right across." As to his reactions, he testified:
"The decision was split second and the only thing I remember was swerving slightly to the left and putting on my brakes. I don't know if I had time to get the brakes on."
Mrs. Kennedy insists that after stopping her car she started it in low gear and was proceeding slowly. In this she is borne out by the testimony of Brandstetter, who examined the automobile after the accident and found it still in low gear. On the other hand, Dr. Levert testified that Mrs. Kennedy made no stop, and that her car entered and attempted to cross the intersection at about "fifteen to twenty" miles an hour.
In view of Dr. Levert's conflicting statements as to how far he was from the intersection when he discovered the presence of the Kennedy car, and taking into consideration the testimony of Mrs. Kennedy as to the location of his car when she reached the intersection, we think that the Levert automobile was farther away than the thirty feet estimated by the doctor.
[4] We experience little difficulty in concluding that Dr. Levert was negligent. He testified that a light rain was falling at the time, that his windshield wipers were in operation, and the streets were damp. Under these circumstances we are inclined to the belief that, on an undoubtedly slippery street, the speed of the Levert car was excessive, and inhibited its driver from stopping or maneuvering it properly in the event of an emergency or danger. The degree of care which a driver must exercise is that which a reasonably prudent person would exercise under the same circumstances. Dr. Levert was bound to know that at street intersections other vehicles might cross his path of travel, and he should have operated his car with that degree of care which was consistent with the existing conditions, and his car should have been under control at all times.
We find no error in that part of the judgment appealed from, and it is, therefore, decreed that the judgment, insofar as it affects Dr. Edward L. Levert and his insurer, Employers' Liability Assurance Corporation, Ltd., is affirmed.
Affirmed.