HALL, Judge.
This suit arises out of an intersectional collision between a station wagon driven by Clifton J. Bonvillian and an automobile driven by Raymond Klein. Plaintiffs in the suit are Bonvillian and the subrogated collision insurer of the station wagon; the defendant is Raymond Klein. Klein’s liability insurer was also named as a party defendant but does not appear to have been cited and served with process.
At issue is liability for property damage in the amount of $218.13 to the vehicle driven by Bonvillian.
The sole issue involved in the case is whether the accident was due to any negligence on the part of the defendant Klein. Contributory negligence on the part of the plaintiff Bonvillian is not at issue since the station wagon which he was driving was one which he had borrowed from the owner for his own use and pleasure.
Only factual issues are involved since the law is too well settled to require discussion. The trial court held for the defendant, Klein, and dismissed plaintiffs’ suit. Plaintiffs appealed.
The collision occurred on October 15, 1961 between 1:00 and 1:30 in the morning in the intersection of Ursuline and Decatur Streets in the City of New Orleans. Ursuline Street runs roughly north and south between Lake Pontchartrain and the Mississippi River. It accommodates one-way traffic proceeding north or in the direction of the Lake. Decatur Street runs roughly east and west between Elysian Fields Avenue and Canal Street and accommodates one way traffic proceeding west or in the direction of Canal Street. Both streets at this point are approximately fifteen feet wide and cross each other at right angles. Decatur Street is a right of way through street.
The plaintiff driver was proceeding north or in the direction of the Lake on Ursuline Street. His wife was seated beside him on the front seat. The defendant was proceeding west on Decatur Street or in the direction of Canal Street. Cars were parked close up to the intersection on both streets. When plaintiff arrived at the curb line on Decatur Street he stopped his vehicle, but his vision to the right on Decatur Street being obstructed by a parked car he pulled out a few feet into the intersection, stopped, and again looked to his right. He testified that at this point he could see down Decatur Street a distance of seventy-five to one hundred feet, and that he saw no vehicles approaching from his right.
*300 Plaintiff further testified that it was his intention to turn left on Decatur, and commenced his turn but upon observing a car parked to his left on the opposite side of Decatur Street and not being accustomed to driving a car as large as the station wagon, he decided to straighten back to the right, cross over Decatur and, go out Ursuline.
It was just at this point that the collision occurred. Plaintiff’s wife, who was sitting on the right front seat substantially confirmed her husband’s testimony. She testified that just as plaintiff straightened out to cross Decatur she suddenly saw defendant’s headlights bearing down upon her and screamed. She testified that defendant’s car was within five to twenty feet when she saw the lights.
The left front of defendant’s car struck the right front fender of the station wagon. The point of impact was just a foot or so beyond the center of Decatur Street. No one was injured in the collision.
The defendant testified that he was proceeding on Decatur Street between twenty and twenty-two miles per hour when plaintiff’s vehicle suddenly appeared in the intersection; that he immediately applied his brakes and attempted to swerve his car to the right but was unable to avoid the collision.
There is nothing in the record to show that defendant was proceeding at a greater rate of speed than that testified to by him. The fact that there was but slight damage to the station wagon and none at all to defendant’s car shows that defendant was driving at a moderate rate.
The defendant was proceeding on a through street and in addition was approaching the intersection on plaintiff’s right. He therefore had the right of way. He had his car under control and did everything possible to avoid the accident.
Plaintiff argues that he preempted the intersection. However, the record shows that plaintiff was in fact looking toward the left in an attempt to negotiate a left hand turn and that he did not again look to the right before attempting to cross over the intersection.
The law is well settled that preemption does not take place unless the vehicle which enters first does so at a normal speed and after its driver has exercised proper precautions and after it has become evident that it can cross in safety if no other vehicle arrives at an unexpectedly excessive speed. See Hardware Mutual Casualty Co. v. Abadie, La.App. (Orl.) 51 So.2d 664.
The trial court held for the defendant, evidently basing her decision on the ground that defendant was guilty of no negligence. We agree with her decision.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.