BOUTALL, Judge.
This is a suit by a tenant against his landlord for injuries sustained by the tenant’s minor child in a fall allegedly caused by a vice or defect in the rented premises. The facts concerning the accident are in some dispute, as there were no eyewitnesses, but we feel the following is a fairly accurate account of the events of that day.
Defendant Taulli rented to the plaintiff a one-bedroom efficiency apartment located on the second floor over a garage. A flight of outside stairs led to a landing and small porch over the garage by which means ingress was achieved to the apartment. From photographs, we see that the porch is enclosed on one side by a wall, and protected in the front by a double railing with horizontal members 36 inches and 18 inches above the floor and. secured at each end to the two porch posts supporting the porch roof. At the end opposite the wall, a landing, approximately half the width of the porch, was located, which jutted out a few feet past the front of the porch, and from which descended a flight of some 14 concrete stairs at a 90 degree angle to the front of the house and porch. This landing and flight of stairs are enclosed by a railing consisting of several vertical members at varied intervals, approximately 36 inches high, with a horizontal rail connecting them at a height of 36 inches.
The plaintiff child, Tom, Jr., was at the time of the accident, two years old and somewhat less in height than the 36-inch railing. On September 20, 1967, he walked away from his mother inside the apartment, somehow opened the door, exited to the porch, and thence to the landing. He was found under the landing minutes later and taken to the hospital with a skull fracture and alleged mental injuries which are the basis of this suit.
Accounts of the accident differ somewhat between the parties. Defendant alleges that the child was found alongside the lower few steps, while plaintiff says along *380 side the landing at the top. This discrepancy holds no import in a determination of the case, as the railing and balustrade is of the same construction at both places; the height of the fall is irrelevant to the issue of liability. Defendant states that when the premises were rented to plaintiff Smolin-ski, Sr., it was not to be occupied by children, being an upstairs apartment and having only one bedroom, and that Smolinski, Sr., told him at the time that no children were to live there. Smolinski denied this, and further represented that the defendant lived and worked all day close to the apartment and therefore should have noticed the children anyway, and therefore consented to the occupancy by small children.
Nevertheless, a landlord is entitled to assume that small children on the premises will be supervised by their parents. A flight of stairs is dangerous to a small child, who may fall headlong down the stairs as well as anywhere else; the landlord cannot be held negligent for failing to foresee that the parents will not protect small children against such dangers. His duty is no higher to small children than to any other tenant. Guidry v. Hamlin, 188 So. 662 (La.App. Orl., 1939); Golden v. Katz, 11 So.2d 412 (La.App. Orl., 1943); See also: Browne v. Rosenfield’s, Inc., 42 So.2d 885 (La.App. 1st Cir., 1949); Sullivan v. Birmingham Fire Insurance Co. of Pa., 185 So.2d 336 (La.App. 4th Cir., 1966).
The sole issue before us is whether a landlord’s obligations to his tenant, under Louisiana Civil Code Articles 2692, 2693, and 2695, of delivering and maintaining the leased premises free from any vices and defects, and casting the landlord liable for loss to the tenant resulting from these vices and defects, include the obligation to use any particular type or design of construction in the premises furnished under the lease. Put another way, can the use of a particular type of construction, such as a certain form or style of balustrade or railing, be construed as a vice or defect of the premises as contemplated under Article 2695? Under the jurisprudence of Louisiana, such a vice or defect must be a ruin or fall of part of the premises, or a situation which may constitute a trap to the tenant or is dangerous even to the reasonably prudent person. There must be either a vice in original construction, or a vice arising from the landlord’s failure to repair the building. The use of a particular type of balustrade or railing is not such a vice or defect under Article 2695, and therefore no liability may be found on the part of the landlord. Guidry v. Hamlin, supra; Golden v. Katz, supra; and American Fire & Cas. Co. v. Jackson, 187 F.2d 379 (La.App. 5th Cir., 1951).
In Guidry, the facts are substantially identical with the present case. There, a two year old child fell from a second story porch on premises leased by the defendant to the plaintiff. There were two horizontal rails on that balustrade, the lower being 19\/2 inches above the floor, under which the child fell. As in the present case, there was no allegation that any part of the balustrade broke or gave way, merely that there was a space beneath the lower rail for a small child to fall, and that the fault of the lessor was in not providing vertical members in the balustrade so that it would be impossible for the child to fall. Of course, in the present case, plaintiff alleges that the lessor should have provided a second rail 18 inches above the floor. Whether this would have protected the Smolinski child from falling is purely a matter of speculation, as a 19]4 inch high railing did not protect the Guidry child.
The court in Guidry did not decide on the basis of any contributory negligence on the part of the tenants, but held that there was no negligence on the part of the lessor in supplying the type of balustrade construction that he did. The court held that even if the lessor knew of the occupancy of the premises by small children, he was under no obligation to make the premises foolproof, or construct it in such a way so *381 that infants could not possibly injure themselves. The lessor is entitled to assume that such infants would be protected by responsible older persons. There was no danger to the normal person in using such a rail, and the design was not a vice or defect under Article 2695.
In Golden v. Katz, supra, the landlord rented premises which contained an inside stairway against a wall, without any balustrade or railing whatsoever protecting the opposite side of the stairway. Plaintiff’s three year old child fell off the stairway, injuring himself, and plaintiff brought suit against the owner alleging a vice in the premises. The court found there was no liability on the part of the landlord, since in the absence of any building code provision or ordinance requiring bannisters, the failure to provide such bannisters was not a vice so as to cast the landlord liable. Liability is not thrust upon a landlord under the Code simply because his building is not equipped with safeguards against all possible dangers. The court also held, that, as in Guidry, the landlord was entitled to assume young children would be protected by adults and not permitted to wander alone on the stairs.
American Fire & Cas. Co. v. Jackson, supra, a Federal Appeals case, followed Louisiana law as espoused in Guidry by holding a lessor free of liability for injuries to the plaintiff’s one year old child, who pulled away from his mother, and fell under the lower rail of the balustrade, which was 27i/£ inches above the floor, to the floor below. Guidry was cited as controlling, as the balustrade was safe to the normal person, and as for children, the lessor may properly rely on their proper supervision and control by adults. The design of the balustrade in not preventing the fall of such a small child is not a vice or defect under 2695.
Cases cited to us by the plaintiff are not in point. In Johnson v. Crescent Arms Apartments, Inc., 221 So.2d 633, (La.App. 4th Cir., 1969) a balustrade broke when the plaintiff put pressure on it, thus directly causing the fall and injuries complained of. The breaking of the balustrade is a vice or defect under Articles 2693 and 2695; however, in the present case plaintiff does not allege any such incident.
It is alleged merely that the design of the balustrade as supported by lessor Taulli was a defect under the same articles. The lack of a second, lower horizontal rail is certainly not analogous to a weak or unsecured balustrade which breaks when pressure is applied; the former is certainly safe to the normal person while the latter is dangerous to anyone unlucky enough to test it.
In support of his contention of defective design, plaintiff contends that the balustrade or handrails do not comply with ordinances of the City of Gretna and particularly ordinance 881 of the City of Gretna adopted June 6, 1950, which purports to regulate the construction of stairways, handrails, and etc. He urges this court to take judicial notice of that ordinance and in attempting to invoke the provisions of LSA-R.S. 13:3712, he has filed a copy o'f the ordinance with the clerk of this court.
We note that the ordinance was not introduced in evidence in the court below, but accompanies the record under a proffer of proof. The record reflects that at the close of the trial the plaintiffs offered into evidence two ordinances, one of the Parish of Jefferson, and the comparable ordinance of the City of' Gretna, 881. There was no objection to the introduction to the Parish of Jefferson ordinance; however, there was objection made to the introduction of the City of Gretna ordinance on the ground that it had not been pleaded, and that to permit it in evidence would be to enlarge the pleadings. An examination of plaintiff’s pleadings shows that only the ordinances of the Parish of Jefferson were pleaded.
The trial judge properly excluded the ordinance from evidence under the rationale of the case of Chandler v. Grain *382 Dealers Mutual Insurance Company, 131 So.2d 606 (La.App.2nd Cir., 1961), and we are of the opinion that on the same basis, we cannot now consider it. The ordinance was not pleaded in the pleadings, nor does the record show that the plaintiff complied with the requirements of LSA-R.S. 13:3712 by filing it with the clerk of the district court to be kept in the record by him for the purposes of that particular statute. See also: Pacific Fire Insurance Company v. Employers’ Liability Assurance Corporation, Ltd., 34 So.2d 796 (La.App. Orl., 1948).
Plaintiff insists, however, that this court is required to take judicial cognizance of ordinances by virtue of the attempted filing of the ordinance with this court. A reading of the cited statute convinces us that it is not intended to apply to a situation where a party litigant may fail to introduce a municipal ordinance into evidence in the trial court below then seek to overturn the judge’s ruling indirectly simply by filing a copy of the ordinance with the clerk of this court. The matter properly comes before us because of the objection and proffer of proof, by virtue of the trial judge’s refusal to permit the ordinance in evidence, or to consider it below as not being the subject of judicial cognizance because not properly filed under the statute. Had the ordinance been filed with the clerk of the district court below, we would have to take judicial cognizance of the ordinance, as would that court have had to do so, under the rationale of Brown v. Parish of East Baton Rouge, 126 So.2d 173 (La.App. 1st Cir., 1960). However, since the record does not reflect such a showing, we believe our decision should be based upon the record as made up below and appealed to us, with the same results as Chandler v. Grain Dealers Mutual Insurance Company, supra.
It is our opinion that the balustrade in question here satisfies the requirements of law, and therefore its design, with its lack of a lower rail or closer vertical bannisters, not being a trap to the unwary, or obviously dangerous to a reasonably prudent person, is not such a vice or defect as to cast the landlord liable under Articles 2693 and 2695. As stated above, the landlord is entitled to rely on the assumption that small children will be supervised by their adult parents and therefore owes no greater duty to infants than to the normal person.
Accordingly, the judgment of the trial court is affirmed. All costs are to be paid by appellant.
Affirmed.