ILLINOIS CENT. R. CO. v. O'NEILL.

(Circuit Court of Appeals, Fifth Circuit. March 15, 1910.)

No. 1,977.

1. EVIDENCE (§ 588*)—CREDIBILITY OF WITNESSES—DETERMINATION.
    In determining the credibility of witnesses, it is the jury's duty to consider their interest, their opportunity for observation, and the general circumstances surrounding the giving of their testimony.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Dec. Dig. § 588.*]

2. RAILROADS (§ 346*)—CROSSING ACCIDENT—DEATH OF PEDESTRIAN—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
    In an action for the death of a pedestrian in collision with a railroad train at a crossing, the burden is on plaintiff to establish defendant's negligence and that such negligence was the proximate cause of the death by a clear preponderance of the evidence, while the burden is on defendant to establish the defense of contributory negligence in the same manner.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1117–1123; Dec. Dig. § 346.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** RAILROADS (§ 346*)—CROSSING ACCIDENT—DEATH OF PEDESTRIAN—NEGLIGENCE.

In an action against a railroad company for death of a pedestrian at a crossing, the fact of the accident does not of itself show negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1119; Dec. Dig. § 346.*]

**4.** RAILROADS (§ 307*)—CROSSING—FLAGMEN.

A railroad company is not bound, in the absence of statutory requirement, to employ a flagman or watchman at a crossing, and its failure to do so is not negligence unless required by the exercise of reasonable care.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 972–977; Dec. Dig. § 307.*]

**5.** RAILROADS (§§ 313, 317*) — OPERATION OF TRAINS—CROSSINGS—SIGNALS—SPEED.

Where a city ordinance limited the speed of trains within the city to six miles an hour and required the ringing of the bell as crossings were approached, the operation of a train over a crossing at a speed exceeding six miles an hour and a failure to ring the bell, resulting in the death of a pedestrian at the crossing, constituted negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1002, 1004, 1005, 1009–1012; Dec. Dig. §§ 313, 317.*

Effect of violation of statutes and ordinances regulating speed of trains, see note to Shatto v. Erie R. Co., 59 C. C. A. 5.]

**6.** RAILROADS (§ 327*)—CROSSING ACCIDENT—DEATH—CONTRIBUTORY NEGLIGENCE.

While a railroad company is entitled to the right of way over a railroad crossing, a pedestrian is nevertheless entitled also to use the crossing, being first required to look and listen, and not to carelessly walk into danger, so that if he fails to look, or, looking, does not see the approaching train when it must have been visible to an ordinary observer, he would be guilty of contributory negligence precluding a recovery for injuries sustained.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1043–1056; Dec. Dig. § 327.*]

**7.** RAILROADS (§ 338*)—CROSSING ACCIDENT—LAST CLEAR CHANCE—DISCOVERED PERIL.

A railroad company is liable for the death of a pedestrian at a crossing, notwithstanding his contributory negligence, if the operatives of the train in the exercise of reasonable care ought to have discovered decedent's danger in time to have saved him, and failed to do so.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1096–1099; Dec. Dig. § 338.*]

**8.** DEATH (§ 10*)—ACTION FOR INJURIES—SURVIVAL.

An action for physical and mental pain and suffering, suffered by a person injured before his death, survives to decedent's widow and children.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 10.*]

**9.** DEATH (§ 86*)—MEASURE OF DAMAGES.

In an action for the wrongful death of a husband and father, the damages to the widow and minor children, consisting of the loss of support, etc., must be determined by considering all the probabilities, the amount of decedent's earnings, and the probabilities of his continued health, etc.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 112–114, 119; Dec. Dig. § 86.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

10. MASTER AND SERVANT (§ 303*)—INJURIES TO THIRD PERSONS—NEGLIGENCE —INCOMPETENT ENGINEER.

The employment of an incompetent engineer resulting in a railroad crossing accident is negligence sufficient to justify a recovery if it was the proximate cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 303.*]

11. NEGLIGENCE (§ 1*)—DEFINITION.

"Negligence" is the omitting to do something that a reasonably prudent person would do, or the doing of something that such person would not do.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

12. DEATH (§ 105*)—WRONGFUL DEATH—VERDICT.

In an action by a widow for herself and minor children for the wrongful death of her husband, the father of the children, a verdict for plaintiff should be so divided as to find a specified sum for the widow and another specified sum for each minor child.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 149; Dec. Dig. § 105.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action by Mrs. Mary O'Neill against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The following is the charge of Foster, District Judge:

This is a case where the plaintiff sues for $30,000 damages for the death of her husband and the father of her minor children—$10,000 for each of them; and alleges, as a cause of action, the negligence of the defendant, setting it out under what I will term four general heads: First, the running of the train at an excessive rate of speed exceeding six miles per hour in violation of a city ordinance; second, having no flagman or watchman at the intersection of the streets, also in violation of a city ordinance; third, that the defendant failed to ring the bell or to blow the whistle or give any other signal; and, fourth, that the deceased was in full view of the engineer who had ample time to see him and to have stopped his train and avoided the accident and did not do so. The defense is a general denial and a plea of contributory negligence.

Now, gentlemen, you are the sole judges of the facts in this case. There has been very little conflicting testimony, and while I have a right to comment on the evidence it is not my intention to do so, further than to be of some assistance to you in arriving at a solution of the problem, and you are not bound in any way by my opinions as to what has been testified to; you are at liberty to disregard anything I say in regard to the evidence, and to draw your own conclusions from what you have heard. In determining the issues of fact, where there is conflict of testimony you must resolve those conflicts of testimony, you must try to resolve those conflicts so as to have all the witnesses speak the truth, but if you cannot do so then you will, of course, reject the evidence of those you do not believe, and you will give credence to the evidence of those you do believe. In determining who to believe you ought to take into consideration the interest that witnesses may have in the matter and the opportunity for observation that each of them had, and the general circumstances surrounding the giving of their testimony. The burden of proof is on the plaintiff to establish her case by a clear preponderance of the evidence, and the burden is on the defendant to establish its plea of contributory negligence.

Now, both the plaintiff and defendant must establish their respective— First, I should say the plaintiff must establish the negligence of the defendant by a preponderance of the evidence, and the defendant must establish the contributory negligence in the same way, but the defendant is not bound to put witnesses on the stand for the purpose. You are to judge both of these matters by all the evidence in the case, no matter by which side it is adduced. The mere fact that there was an accident does not of itself show negligence, and notwithstanding that the deceased in this case was certainly killed by defendant's train, that fact of itself does not establish the negligence of the defendant, and the plaintiff must still show you that the cause of death, the proximate cause of death, was the negligence of the defendant before she can recover. Now, if that is done, the question then arises as to the contributory negligence of the deceased. The defendant had the right of way at this crossing, and to that extent, perhaps, its right was superior to the deceased's, but the deceased also had the right to cross these railroad tracks at the intersection where he attempted to do so, and the mere fact he tried to cross the tracks was not of itself negligence. The defendant is not bound by law to employ a flagman at this intersection, or a watchman. The city ordinance introduced in evidence does not impose, in my opinion, that duty on the defendant. They were prohibited, apparently, by these same ordinances, from blowing a whistle to give warning of their approach, but they were required to ring a bell at intervals, how frequent the ordinance does not say. There is some conflict of testimony as to whether or not this bell was rung, and that is one of the points you will have to decide. Apparently there is no question about a flagman. It seems to be a fact that no flagman or watchman was provided, so if that is negligence as relied upon by the plaintiff, the fact itself is established.

Now, I charge you that while that defendant was not required by law to employ a flagman, the defendant was required to exercise all due and reasonable care for the protection of others who had the right to use that crossing consistent with the reasonable running of its trains, and it is for you to determine whether or not the failure to employ a flagman or watchman at that crossing was, or was not, violative of its duty. So it was the duty, imposed by law upon the defendant, not to exceed the rate of six miles an hour in running its trains. If you find that the defendant did not ring the bell, and that is a disputed question, it would be negligence. If you find that the train was running at a rate exceeding six miles an hour that would be negligence. Those two questions you have to determine. But the mere fact that the defendant may have been negligent would not entitle the plaintiff to recover unless the negligence resulted in the death of the husband of the plaintiff.

The defendant relies upon the plea of contributory negligence, and in determining that you have to consider the circumstances of the case as the evidence presents them. I charge you that the deceased was bound to look and listen before crossing the defendant's tracks, and not to carelessly walk into danger, and if he failed to look, or, looking, did not see the approaching train at a time when it must have been visible to an ordinary observer, it was negligence on his part, and in looking he was bound to look as a prudent and careful man would, and that is to take into consideration the track upon which a train might approach from both directions. So it would be negligence on his part if he failed to listen, or did not hear the bell when it was in fact ringing, or, seeing the train approaching walked in front of it thinking he had time to cross in safety when, as a matter of fact, he did not. You must determine these matters as questions of fact from all the evidence.

I charge you further that should you find that the defendant was negligent, and the negligence of the defendant caused the death of the husband of the plaintiff, and you should also find that the deceased was guilty of contributory negligence—in other words that his own negligence contributed to his death—even in that case the plaintiff could recover if the defendant in the exercise of reasonable care ought to have discovered the danger in time to save him and did not do so. Now, I will repeat that. I say that even if the deceased was guilty of contributory negligence, still, if the defendant, in the exercise of reasonable care ought to have discovered his danger in time to save him and did not do so the plaintiff can recover. In defining reasonable

care the element of danger is important. What is reasonable care in one case might not be in another. Gentlemen, it is that care and precaution which an ordinarily prudent and careful man would use to avoid injury to others in view of all the circumstances and in view of the probability of injury. If you find the deceased guilty of contributory negligence and that the defendant did not use reasonable care, still you have to determine whether or not the defendant should have discovered the danger of the deceased in time to save him. And there, if you find that not having a flagman or watchman at this crossing is negligence on the part of the defendant, and that, gentlemen. is purely a question for you to find, you are to find whether or not the fact that no flagman was at that crossing was negligence on the part of the defendant and was not using reasonable care, then you have still to determine whether or not if the flagman had been there he should have seen, in the exercise of his duty, the danger to this deceased in time to have prevented the accident. Now, do I make that clear—if you find that it was negligence for this defendant not to have a flagman at that crossing, still you must find that the flagman had he been there should have seen the danger to the deceased in the exercise of the flagman's duty in time to have prevented the accident and did not do so. Now, those facts you must determine before the plaintiff can recover. So it is with the engineer. If you find that the engineer did not look in time to see this man you have got to find whether or not he could have seen him by the exercise of reasonable care—that is, the ordinary reasonable manner that an engineer ought to do, not what he did do perhaps, but what he ought to do in running his train—and that if he had done what he ought to do he might then have prevented the accident after seeing the danger of the deceased.

If you find, gentlemen, that the plaintiff is not entitled to recover on the charge I have given you, and the facts as you have heard them from the witnesses, then, of course, your verdict would be for the defendant, and you have nothing further to consider. If, on the other hand, you find in view of the charge of the court, and the facts as found by yourselves, that there should be a recovery for the plaintiff, then you must determine the amount of damages. I charge you, on that point, that the deceased had he lived would have been entitled to recover, first for his physical pain and suffering and for his mental suffering, and such damages as were actually occasioned him by the accident, and that the right of action survives to this plaintiff for herself and her minor children for such pain and suffering, physical and mental, as the deceased suffered. Further than that she is entitled to recover for the loss of the support of the husband and father; that is, if you find that she is entitled to recover anything. Now, then, the amount, gentlemen, you must determine. You are not to take it for granted that the amount set forth in the plaintiff's petition is correct, although you cannot exceed that, but you are to look into the facts of the case, take into consideration all the probabilities, the amount that this deceased was earning, the probabilities of his continued health, etc. But the question of amount, gentlemen, you should not approach until you have first determined the liability.

I have been asked to give some special instructions and I will give plaintiff's instruction No. 4: "The violation of the city ordinance requiring the ringing of bells at intervals within city limits is evidence of negligence on the part of the employés of the railroad company for whom the railroad company is liable, if you should find from the evidence in this case that the bell was not rung upon the approach of a crossing." Gentlemen, I will add to that that you must determine also whether or not the negligence was the cause of the death before you can give a verdict for the plaintiff.

I will give the plaintiff's instruction No. 5, as follows: "It is for you to decide whether or not the engineer in charge of this engine was competent or physically fit to discharge properly the duties of his employment, and if you find that he was not, then I charge you that it was negligent on the part of the company to employ him for that work." So also, you must find, if you do find in accordance with this charge, you must also find that that negligence was the cause of the death before there could be a recovery on that score.

I will give the defendant's instruction No. 3: "The court instructs the jury, that the basis of this action is negligence, which is defined by law to be: The

omitting to do something that a reasonably prudent person would do, or the doing of something that such person would not do. Under the circumstances of this case, and as applied to the case, if you find from the evidence that the defendant by its employés has omitted to do something that a reasonably prudent person would do, or has done something that such person would not do, you would be warranted in finding the defendant was guilty of negligence; and if you find that plaintiff's husband has done something or omitted to do something which directly contributed to the collision and injury, then you will be warranted in finding such person guilty of contributory negligence."

Now, gentlemen, I will repeat that in order to find a verdict for the plaintiff you must determine whether or not the defendant has been negligent. If there was nothing else to the case, and you find the death resulted from the negligence of the defendant, and by that I mean the persons in charge of the train, also, your verdict would be for the plaintiff, and the amount you fix. If you find, on the other hand, that the deceased was guilty of contributory negligence—in other words, that his own acts, his own negligent action contributed to his death, or caused his death notwithstanding the negligence of the defendant, and you also find that the defendant could not by the use of ordinary care have prevented the accident after he ought to have seen the danger to the deceased—then the verdict must be for the defendant. But if you find that although the deceased was guilty of contributory negligence, and that the defendant ought to have run its trains so that in the circumstances of this case by the exercise of ordinary and reasonable care it would have discovered the danger to the deceased in time to prevent the accident, why, then, notwithstanding the contributory negligence, your verdict should be for the plaintiff. Now, gentlemen, I do not know whether I have made myself clear but I have tried to.

I am requested to charge you, gentlemen, as to the form of the verdict, and you will elect your own foreman, and you reach a verdict; if you find for the defendant you will write—your foreman will write—on the back of the petition which you will take with you, "We, the jury, find a verdict in favor of the defendant," and sign it. If you find a verdict in favor of the plaintiff, you will write it this way: "We, the jury, find a verdict in favor of the plaintiff in the sum of so many dollars in her behalf, and in so many dollars for the use and benefit of the two minor children." I think, if you find for the plaintiff, you ought to divide your verdict into three parts, and say: "We, the jury, find a verdict in favor of the plaintiff in so many dollars, and in so many dollars for such a minor child, and in so many dollars for such a minor child." When you have reached a verdict you will seal it up in an envelope and give it to the bailiff who will have you in charge, and you return in court to-morrow morning at 11 o'clock for the opening and reading of the verdict.

Gustave Lemle, for plaintiff in error.

Armand Romain, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The evidence required a submission of the issues of negligence and contributory negligence to the jury, and we find no reversible error in the charges given or refused.

The judgment of the Circuit Court is affirmed.