## WOODLEY v. SERVICE CAB CO. et al.

### No. 4941.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

Hugh M. Wilkinson and A. Miles Coe, both of New Orleans, and Chas. L. Mayer, of Shreveport, for appellants.

J. F. Phillips, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover for damages she claims to have received as the result of an alleged fall when alighting from a cab operated by the defendant company. She alleged that on October 28, 1933, accompanied ·by her friend and companion, Mrs. D. H. McDonald,, she engaged a cab operated by the defendant company for transportation to the Louisiana State Fair Grounds. Upon arriving at their destination, Mrs. McDonald got out of the cab and handed the driver, who had also gotten out, some money in payment of the fares. While the driver was getting change, plaintiff proceeded to get out from the back seat of the cab, where she and her companion had been riding, and in doing so she fell.

The sole basis of plaintiff's claim and her explanation of the cause of the alleged fall is: " * * * That upon her arrival at said Fair Grounds, petitioner and a lady friend being fellow passengers at said time, the chauffeur operating said taxicab opened the door of the cab to allow the passengers to get out; that said lady friend handed one dollar to the chauffeur to pay their fares, but he, the chauffeur, being unable to make proper change, stepped away to secure change for the money, and that during this time petitioner started to get out of said cab and her right foot was caught by some kind of tin and/or obstruction at the bottom part of the door of said cab, causing her to lose her balance and fall from the door of the cab to the ground"; that said defendant was negligent in operating and transporting petitioner in a taxicab which was not in good and safe condition, and the injuries sustained by her were the direct and proximate result of said negligence.

Defendant denied these allegations, and alleged the cab was in a good and safe condition and that the cause of the accident was plaintiff's failure to use ordinary care in getting out of the cab.

The lower court rendered judgment in favor of plaintiff, from which defendants have appealed.

### Opinion.

At the time of the accident, plaintiff was wearing high-heel shoes, and had been for some time prior thereto a sick woman. She was suffering from heart trouble, hypertension, and high blood pressure. She attempted to make out her case by her testimony and that of her companion, Mrs. McDonald. Plaintiff contends in her testimony that there was some loose tin, either in the bottom of the cab or on the running board, which caused her to fall. The testimony of her companion as to the loose tin is not convincing. Defendants offered numerous witnesses who had examined the cab soon after the accident, and other witnesses who had ridden in this identical cab nightly, and showed conclusively that there was nothing loose or disconnected on the floor of the cab, the door of the cab, or the running board; that the body of the cab was an all-steel one, and there was not even a rug on the floor of the cab. At the time of the accident, plaintiff made no complaint whatsoever to the cab driver. Neither plaintiff nor her companion were positive as to where the tin she claims to have tripped on was; they are unable to say whether it was on the floor, on the door, or on the running board, and the

great preponderance of the testimony is that there was no loose tin on or about the cab. The only positive fact proved by plaintiff is that, when she attempted to alight from the cab, she tripped and fell. What caused her to trip is not shown. It is very probable that her high heels could have caught on the edge of the door or on the edge of the running board. It is incumbent upon plaintiff, in order to recover, to show some negligence on the part of the defendants; that is, to show by a preponderance of the testimony· that there was some defect in the cab which caused the fall. Plaintiff has entirely failed to meet the burden required of her by law in this respect.

In this court plaintiff contends that defendants were negligent in operating the cab, which was not in safe condition, and says in her brief: " * * * Certainly it was not safe to operate a cab that had 'trash' on the floor, and it is likely that the piece of tin which caught her foot was lying in whatever 'trash' that may have been on the floor of the cab, at the bottom of the door."

This statement by plaintiff is convincing that she realizes she has failed to prove there was any loose tin attached in any manner to the cab.

We have often held that we cannot render judgments on possibilities, but only upon proof of facts, which would show negligence on the part of defendants. Plaintiff has entirely failed to make out her case, and the judgment of the lower court is manifestly erroneous.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and plaintiff's demands rejected, at her costs.