[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 743 
This is a suit for recovery of damages sustained as the result of an accident while changing a tire on a truck owned by defendant's assured. Plaintiffs are Negro laborers in the employ of a gasoline and service station owned and operated by Mr. S.V. Veitch in Minden, Webster Parish, Louisiana. One of the injured parties, a minor, appears through his mother as tutrix. Defendant is the liability insurer of the J. B. Johnson Company. After trial there was judgment in favor of plaintiffs, from which judgment defendant appeals.
About noon on August 9, 1947, a Dodge truck and Lufkin trailer owned by the J. B. Johnson Company, operated by George H. Talley, an employee, was driven into the Veitch Service Station. Talley requested Mr. Veitch to have a flat tire on the outside wheel of the rear dual wheels of the trailer unit removed and replaced with a spare which was being carried under the float of the truck. The spare tire was removed by Sammy Smith, one of the plaintiffs, and when tested showed an air pressure of 65 pounds. At Talley's request the tire was inflated to 75 pounds. By reason of the fact that a jack necessary to the tire changing operation was in use, the extra tire was left lying on the station floor for some 10 or 15 minutes until the jack was available. Smith and the other plaintiff, Bill Anderson, removed the flat tire and began to place the spare tire on the wheel. As Smith and Anderson were squatting down beside the wheel it appears that the lug rim became disengaged with the result that the wheel was forced back into the faces of the two Negroes, causing serious injuries to plaintiff, Anderson, and minor bruises and abrasions to Sammy Smith.
As best we can appreciate the actual occurrence, it appears that the tire rim referred to by the witnesses as the "lug rim" is a locking device which fitted on the inside of the tire as it was being placed in position on the wheel. When this lock rim became disengaged it acted in the nature of a steel spring, throwing the spare tire into the faces of the plaintiffs as they squatted down beside the wheel to effect the replacement.
There is little, if any, dispute or conflict developed in the testimony of the witnesses with respect to the facts bearing upon this suit. Other facts material to a consideration of this case, as developed on trial, are that Anderson and Smith were both skilled in changing tires; that Talley, the driver of the truck, was an expert operator of heavy trucking equipment with some 22 years experience, who had been driving the particular truck involved in this accident for a period of two years prior *Page 744 
thereto; that no defect in the assembly of the spare tire was perceived by any of the parties involved; that the inflation of the tire to 75 pounds has no significance in view of the fact that these tires frequently safely carry pressures ranging up to 90 or 100 pounds; that the spare tire in question was a retread which had been fitted with a new tube and assembled by the Firetone Tire Service in Shreveport some two or three months prior to the accident; and that any defect in the lock rim or the adjustment thereof which might have caused the accident could have been determined only by completely taking down the assembly of the spare tire.
[1] It is evident that there was no fault or negligence on the part of plaintiffs with respect to their actions in connection with the operation of changing the tire which contributed in any degree to the accident, and, accordingly, the defense of contributory negligence which was asserted by defendant must fail.
Plaintiff's petition alleged negligence of the agents and employees of defendant's assured, both generally and specifically, with respect to the improper mounting of the tire, and the inflation to a pressure of 75 pounds, as the sole and proximate cause of the accident. Alternatively, plaintiffs asserted the doctrine of res ipsa loquitur. Since the record obviously fails to sustain the charges of negligence, either general or specific, plaintiffs' astute counsel before this Court, in argument and brief, with admirable wisdom and discretion has chosen to rely upon the operation and enforcement of the doctrine of res ipsa loquitur.
Plaintiffs' claims are opposed by defendant on the ground of a denial of negligence and an alternative plea of contributory negligence on the part of plaintiffs. An exception of no cause and no right of action was filed on behalf of defendant, which exception was overruled by the Court, and it appears that the same has been abandoned inasmuch as it is not urged before this Court by counsel for defendant, very probably by reason of the fact that the grounds therefor are fully comprehended in a consideration on the merits.
The learned Judge of the District Court in an able written opinion reached the conclusion that defendants were liable on the basis of a finding to the effect that the accident would not have occurred save for the existence of some defect in the lock rim or the improper mounting thereof, and further, that since there was no negligence on the part of plaintiffs, they were entitled to recovery.
It is clear that the applicability vel non of the doctrine of res ipsa loquitur is of prime importance in the consideration of this cause, and, accordingly, we proceed to a discussion of the doctrine with relation to its bearing under the facts of the instant case.
[2, 3] This Court had reason to consider and discuss in some detail the doctrine of res ipsa loquitur in the case of Mercer et ux. v. Tremont G. Ry. Co., La. App., 19 So.2d 270, 273, and from our opinion therein we quote as follows:
"The doctrine of res ipsa loquitur is the doctrine invoked in aid of a plaintiff in instances where the occurrence of the accident itself serves to make out a prima facie case of negligence on the part of a defendant. When the circumstances surrounding the accident indicate that such accident would not ordinarily occur without some particular act of omission or commission on the part of a defendant, the mere fact that the accident took place is sufficient to create a presumption of negligence. The theory of the doctrine is intended to protect the rights of an injured person under circumstances surrounding the happening of an accident which leave the cause thereof unknown to the injured party. The law then presumes the superior knowledge on the part of the owner, possessor or operator of the instrumentality causing the injury. Jones v. Shell Petroleum Corp., 185 La. 1067, 171 So. 447; Loprestie v. Roy Motors, Inc., 191 La. 239, 185 So. 11; Pizzitola v. Letellier Transfer Co., La. App., 167 So. 158; Rome v. London Lancashire Indemnity Co. of America, La. App., 169 So. 132; Gershner v. Gulf Refining Co., La. App., 171 So. 399.
"It is true that the doctrine of res ipsa loquitur is notproof and does not supply a want of proof, but, nonetheless,the application of this rule of evidence creates a presumptionof negligence on the part of *Page 745 defendant, which presumption must be rebutted by the defendantin order to relieve him from liability flowing from presumptivenegligence. Smith v. United States, 5 Cir., 96 F.2d 976; Asprodites v. Standard Fruit Steamship Co., 5 Cir.,108 F.2d 728; Daroca v. Metropolitan Life Ins. Co., 5 Cir.,121 F.2d 917.
"Under the facts of the instant case, there is no question as to the applicability of the doctrine. The allegations of the petition negate any action on the part of the injured boy which would have caused the accident, and any knowledge on the part of the plaintiffs as to an explanation of the cause of the particular accident. Clearly, therefore, this case calls for the application of the doctrine, and the burden was upondefendant to clear itself of responsibility." (Emphasis by the Court.)
The above expression of the theory and application of the doctrine is further substantiated in Watkins et al. v. Gulf Refining Co., 206 La. 942, 20 So.2d 273.
[4] Reiterating and re-emphasizing our conclusions as above expressed, we again hold and declare that the presumption arising by virtue of the application of the doctrine must be rebutted by the defendant. In other words, the effect of the application of the doctrine is simply to charge a defendant with the burden of exculpating himself from a presumption of negligence.
The question before us requires a finding as to whether defendant's assured has discharged the burden to the extent of clearing itself of liability resulting from negligence. In this connection we heartily agree with the finding of our distinguished brother of the District Court on the point that the accident was due either to a defect in the lock rim or the improper mounting thereof. But we do not concur with his conclusion that plaintiffs are entitled to recovery solely by reason of their freedom from negligence.
Conceding, as established, the fact that the accident was caused by an agency under the control of the defendant's assured, it is, nonetheless, incumbent upon the plaintiff to show some act of commission or omission constituting negligence on the part of the assured.
[5] An essential element in the application of the doctrine of res ipsa loquitur is a showing that a defendant failed to use proper care as to the instrumentality under his control. Taking the exact situation developed under the facts of the instant case, it is clear from the testimony of plaintiffs and their witnesses that there was no apparent defect in the rim or in its adjustment, and that the only operation which would have determined the existence of a defect in the adjustment of the rim and the locking device thereof would have been a breaking down of the tire assembly and the re-assembly thereof. To hold that the failure of defendant's assured to take such extreme precautions is an evidential fact establishing liability, in our opinion, would be impracticable and onerous beyond all reason. Such a holding would of necessity entail the imposition of a like operation on the part of the operator of every motor vehicle which drives into a service station and requests the attendants to change a tire. Continuing the illustration, it is further apparent that this very operation, designed as a precaution, could itself result in injury.
We have carefully examined the jurisprudence of Louisiana and other jurisdictions on all points that might bear upon a resolution of this question.
The case of Ross v. Tynes, La. App., 14 So.2d 80, 81, decided by the Orleans Court of Appeal, in which writs were refused by the Supreme Court, somewhat approaches the facts involved in the instant case. In the Ross case the entire rear wheels of a passing truck became disengaged from the axle of the truck and struck a passerby on the sidewalk, inflicting injuries which proved to be fatal. A judgment for plaintiff was affirmed on appeal. The Court thoroughly discussed the doctrine of res ipsa loquitur and the application of the principle of discovery of latent defects. We quote, with emphasis supplied by this Court, the following extracts as being particularly appropriate to the matter before us: *Page 746 
"In other words, when an injury is caused by an instrumentality under the exclusive control of the defendant, as in this case, and it is such as would not ordinarily happenif the party having control of the instrumentality had usedproper care, there arises an inference or presumption ofnegligence. Whether the evidence is such as to exonerate thedefendants remains to be seen.
* * * * * *
"In Walk v. Boudheim, 223 Wis. 514, 271 N.W. 27, 28, where the brakes locked, the court said: 'Unforeseen failure of automobile equipment to function because of a condition * * * not due to any negligence (of owner), and of which he could not reasonabiy be expected to have known in the exercise of ordinary care, does not necessarily render him negligent and liable.'
"In Bolin v. Corliss Co., 262 Mass. 115, 159 N.E. 612, 613, plaintiff, standing on the sidewalk, was struck by the rim of a tire which came off of a passing automobile. The Court said: 'In our opinion this evidence was not such to charge the defendant with negligence. In the absence of anything to showthat the appliances were defective, the defendant was notrequired as a reasonable person to remove the rim andconnections and inspect them, before permitting Casper to usethe car.' "
It is quite true that in the Ross case, as quoted in brief of plaintiffs' able counsel, the Court declared:
"The long and short of it was that the rear end of this truck constituted a public menace as long as it rolled over the public highway unless it was subjected to frequent and most thorough inspections."
Pursuing this line of argument in the effort to apply the above quoted pronouncements even to the extent of the use of the descriptive word "menace", counsel contends:
"Here, we have an old Truck, well worn tire, old lock rim, rim and wheel, all the work done by agents and employees of Defendant's Assured, no inspection for more than two months, and then they brought this 'menace' on the public highway into the place of business where Plaintiffs worked * * *."
We find no analogy between the facts and the application thereof in the two cases. The testimony in the record before us does not bear out the assertions of such age or wear and tear as would convict the assured of negligence in failure to make inspections of an extensive nature. We do not perceive any element of negligence in the fact that an automobile operator places a spare tire in his vehicle and there lets it remain without inspection or attention for a period of two or three months until the need for its use arises.
A reading of the facts found by the court in the Ross case is sufficient to demonstrate the wide variance which clearly eliminates the same as appropriate authority.
Similarly the facts in Schon v. James, La. App.,28 So.2d 531, which involved an accident resulting from a defect in an old water heater in bad condition removed this case from analogy to the one under consideration.
Again the facts in Landry v. McNeil Hunter Motor Co., 11 La. App. 380, 122 So. 293, involving liability resulting from an accident caused by the installation of outlawed equipment, make that case inapplicable here.
[6-11] It is too well established to admit of argument that even under the doctrine of res ipsa loquitur there must be a showing of some negligence, either active or passive, on the part of the defendant. This is to say that it is not sufficient simply because an agency or instrumentality under the control of a defendant causes injury, liability on the part of such defendant is necessarily implied. There must be a showing that the accident is of a nature which does not ordinarily occur where due care is exercised (Schon v. James and Watkins v. Gulf Refining Co., supra), and, further, there must be a showing either of some act of negligence or of the omission of some precaution which constituted an actionable want of care. Our jurisprudence is replete with cases which clearly define the degree of care required of an actor, from some of which we cite extracts as follows:
"It is incumbent upon plaintiff, in order to recover, to show some negligence on the *Page 747 
part of the defendants * * *." Woodley v. Service Cab Co. et al., La. App., 159 So. 124, 125.
* * * * * *
" 'Negligence' has been defined to be the failure to use such care as is necessary to avoid a danger which should have beenanticipated, by reason of which the plaintiff has suffered injury. Lopes v. Sahuque, 114 La. [1004], 1011, 38 So. 810; Baltimore P. R. Co. v. Jones, 95 U.S. 439, 441, 24 L. Ed. 506; 6 Cyc. 591.
"A defendant can only be required to guard against a probableor anticipated danger. New Orleans. N.E. R. Co. v. McEwen 
Murray, 49 La. Ann. 1184, 1196, 22 So. 675, 38 L.R.A. 134 * * *." Caillier v. New Orleans Railway Light Company, 11 La. App. 93, 120 So. 76, 78.
"See also, Brandt v. New Orleans Public Service, Inc., 15 La. App. 391, 132 So. 244.
"The common usage of a business or occupation is frequently stated to be a test of care or negligence, and accordingly, conformity to custom or usage is very generally regarded as a matter proper for consideration in determining whether or not sufficient care has been exercised in a particular case, * * *". 45 Corpus Juris 706.
The Supreme Court of this State in New Orleans N.E. R. Company v. McEwen Murray, 49 La. Ann. 1184, 22 So. 675, 680, 38 L.R.A. 134, said:
" 'Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provisionmade is insufficient as against an event such as may happenonce in a lifetime, or perhaps twice in a century, does not * * * make out a case of negligence upon which an action in damages will lie.' "
In the same case our Supreme Court quoted with approval from the case of Huber v. LaCrosse City Railway Company,92 Wis. 636, 66 N.W. 708, 31 L.R.A. 583, 53 Am.St.Rep. 940, decided by the Supreme Court of Wisconsin, affirming what it had said in Block v. Milwaukee St. Railway Company, 89 Wis. 371, 61 N.W. 1101, 27 L.R.A. 365, 46 Am.St.Rep. 849, as follows:
" 'The negligence is not the proximate cause of the accident,unless, * * * under all the circumstances, the accident mighthave been reasonably foreseen by a man of ordinary intelligenceand prudence. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable consequence. * * * A mere failure to wardagainst a result which could not have been reasonablyanticipated is not actionable negligence.' " Keller v. Stevenson, La. App., 6 So.2d 569.
"First — (a) — There is no direct evidence that Kincade or appellant knew the rim was defective. * * * Appellee argues that the test is not what appellant or Kincade knew, '* * * but what, by the exercise of ordinary care, they could have known'. If it be assumed that tire blowouts had occurred, there is noevidence that the malfunctioning of the locking device, nowcomplained of, was known to appellant or Kincade, or that itsactual condition was such as to put a reasonably prudent personon notice." Sallee v. Shoptaw, 210 Ark. 600, 198 S.W.2d 842, 843.
"It must appear that the driver of an auto was at fault or guilty of imprudence or negligence at the time of the occurrence to entitle his invitee or guest to damages. C.C. 2315; Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253. In the instant case, defendant could not have foreseen oranticipated the accident, and could not, as appears from the record, have prevented the overturning of the auto even with the most skillful driving. He was therefore neither at fault, negligent, nor imprudent, and cannot be held liable.
"Counsel for plaintiff endeavors to hold defendant responsible because, as he contends, he knew, at the time he invited plaintiff for the ride to Arnaudville, that the tires on his car were in bad condition. There is no proof that therewere any apparent defects in the tires, or that defendant hadany reason whatsoever to believe that there were any, latent orotherwise." Banta v. Moresi, 9 La. App. 636, 119 So. 900, 901.
"The owner of an automobile, delivering it to a repair man for repairs, owes to him the duty to disclose to him any defect in the mechanism which may render it unsafe *Page 748 
or dangerous of which such owner had knowledge, but does notowe to him the duty to employ the skill of an expertmechanician to make an examination to discover such defectbefore delivering the automobile for repairs." Varas v. James Stewart Co., 223 Mo. App. 385, 17 S.W.2d 651, 654.
In New Orleans N.E. R. Co. v. McEwen Murray, 49 La. Ann. 1184, 22 So. 675, 38 L.R.A. 134, our Supreme Court announced the doctrine of proximate cause as follows, 22 So. page 680:
" 'The negligence is not the proximate cause of the accident,unless, * * * under all the circumstances, the accident mighthave been reasonably foreseen by a man of ordinary intelligenceand prudence. It is not enough to prove that the accident isthe natural consequence of the negligence. It must also havebeen the probable consequence.' " Cavaretta v. Universal Film Exchanges, La. App., 182 So. 135.
"'Test of actionable "negligence" is not what could have beendone to have prevented accident, but what reasonably prudentand careful person would have done under the circumstances. Inthis connection, failure to guard against a remote possibilityof accident, or one which could not, in the exercise ofordinary care, be foreseen, does not constitute "negligence." '
Lane v. City of Buffalo, 232 App. Div. 334, 250 N.Y.S. 579, 580." Wilson v. National Casualty Co., La. App., 191 So. 574, 579.
Summarizing the requirements of proof on the part of each of the parties and the degree of their compliance therewith, certain conclusions appear to be justified. To begin, there was, of course, the duty of plaintiff to show some negligence on the part of defendant (in this case to be regarded as synonymous with the assured). Plaintiffs' specific charges of negligence were not substantiated and, in lieu of such charges, alternatively, plaintiffs have invoked the doctrine of res ipsa loquitur. While there is some question from a technical standpoint as to whether the doctrine has been properly invoked in the instant case, we have chosen to accept its applicability under the circumstances. Therefore, conceding the propriety of plaintiffs' reliance upon the doctrine, there arose a presumption of negligence on the part of defendant. As the next step there devolved upon the defendant the necessity of discharging himself from the burden of the legal presumption by proving that he was not guilty of any act of commission or omission constituting negligence. We are of the firm opinion that defendant has successfully met this test. It was demonstrated beyond question that there was no apparent defect in the spare tire or its assembly; that any defect which constituted the proximate cause of the accident was latent and consisted either of defective material or faulty workmanship in the assembly of the locking device, a point which still remains a question of speculation; and, finally, defendant is not shown to have omitted any precaution or to have been guilty of any want of care which a reasonably intelligent and prudent individual would have been required to exercise. It is additionally established that the cause of the accident was not one which could ordinarily be expected, foreseen or against the occurrence of which due precaution could have been exercised.
[12, 13] If we assumed a spare tire to be a dangerous instrumentality, we do not feel that even this classification would have established liability on the part of defendant under the facts of the instant case. The rule in this connection appears to us to be well set forth in the Restatement of the Law of Torts, Section 300, as follows:
"When an act is negligent if done without reasonable preparation, the preparation which the actor, to avoid being negligent, is required to make for the doing of the act is that which he, as a reasonable man, should recognize as necessary to prevent the act from creating an unreasonable risk of harm to another.
* * * * * *
"The preparation which the actor must make is that which he as a reasonable man would regard as necessary.
* * * * * *
"The word 'preparation' includes, not only the correction of known defects in a vehicle, tool or other instrumentality, which should be recognized as likely to make its use dangerous, but also such inspection as *Page 749 
a reasonable man would recognize as necessary to ascertain whether it is in a condition fit for use. A failure to make aninspection does not create liability unless the inspection, ifmade, would have disclosed the particular defect which makesits use harmful to another." (Emphasis by the Court.)
We think it clear in the instant case that the defendant was not in charge of a dangerous instrumentality; that he was not guilty of any lack of reasonable care, and that even under the principles above enunciated, which would apply only to facts requiring the application of a much higher degree of care, he would not be liable. It is undisputed in the instant case that an inspection would not have disclosed the particular defect which was responsible for the accident.
[14, 15] Reference was made in oral argument before this Court by counsel for plaintiffs to the point that defendant would be chargeable, even in the absence of negligence on the part of its assured, with liability for the negligence of the Firestone Tire Service in Shreveport which assembled the spare tire. This contention was predicated on the claim that the Firestone Tire Service, which was charged with the repair and assembly of the spare tire, thereby became the agent and employee of defendant's assured, and, consequently, became liable to third persons for the fault or negligence of such agent or employee. This point was not urged in counsel's brief, nor do we think it worthy of any serious attention. The position assumed would be untenable, first, by reason of the fact that there is absolutely no affirmative proof which established negligence on the part of the Firestone Tire Service, a conclusion which could be reached only on the ground of speculation and surmise, and, second, because there is no authority, so far as we have been able to determine, for the conclusion that the mere employment of a concern for the repair of an article constitutes it as an agent and employee for whose negligence the employer would be responsible.
[16] We think that this case is a clear and uncomplicated example on the facts of the existence of a latent defect which caused injury to a third party without any actionable negligence or breach of care or duty on the part of the owner of said article.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is now judgment in favor of defendant rejecting plaintiffs' demands at their cost.
KENNON, J., dissents.
TALIAFERRO, J., concurs.