BOLIN, Judge.
Plaintiffs instituted this action in tort against Eagle Gas Company, Inc., and its public liability insurer for property damages and for the personal injuries and death of William Snow, caused by a fire in which Snow suffered severe burns and by which his residence and its contents were destroyed. Hartford Fire Insurance Company joined in the suit in order to recover under a subrogation contract for the amount it had paid as the insurer of the dwelling. From judgment rejecting plaintiffs’ demands they have appealed.
In September of 1959 an employee of defendant, a distributor of butane gas and appliances, installed for Snow a butane gas system and placed one heater in the' bedroom of his frame “shotgun” type house. In the late afternoon and early evening of December 8, 1959, this same employee installed a cook stove in the kitchen adjoining the bedroom of this, house, the work being completed about dark. Near daylight the following morning *271 (December 9, 1959) an explosion occurred in the house, resulting in the complete destruction of the dwelling and contents, and serious and painful burns to Snow, which ultimately caused his death about 30 days- later.
Plaintiffs, children and grandchildren of William Snow, claim the butane gas company and its liability insurer are liable for the specified damages on the following grounds:
(1) The gas company’s employee was negligent in installing .the stove on December 8, 1959, in such a manner as to permit gas to escape, causing an explosion when Snow attempted to light the stove early the next morning.
(2) In the alternative, plaintiffs specially pleaded the doctrine of res ipsa loquitur.
Directing our attention first to the question of liability based on special acts of negligence, we find the record is practically void of any direct evidence to substantiate such charges and we are in full accord with the following findings of the trial judge:
“From the standpoint of proof of negligence adduced on the trial of this case, the court experiences no difficulty in determining that the plaintiffs have failed to establish by direct testimony any negligence on the part of Eagle Gas Company.”
We next consider the questions raised by plaintiffs having alternatively pleaded the doctrine of res ipsa loquitur. Before venturing into a consideration of this doctrine, we think it well for the appellate courts of this state to remind themselves periodically that tort liability in Louisiana is predicated solely on statute and the basic fundamental law relating thereto is contained in LSA-C.C. Arts. 2315 and 2316. Under these articles an injured party must show fault, negligence, imprudence or want of skill by the party against whom he seeks judgment.
Through the years our courts found it increasingly difficult to determine by whose "fault” certain accidents were caused. In many cases there was insufficient direct evidence, so circumstantial evidence had to suffice. As an aid in determining such fault the use of the common-law doctrine of “res ipsa loquitur” has increased in recent years. Although it is now firmly entrenched in our case law, nevertheless, it is purely a jurisprudential rule of evidence and is not a rule of substantive law. The doctrine has been stated, restated and sometimes extended or liberalized to meet peculiar factual situations as they developed. In 65 C.J.S. Negligence § 220(2) the general rule is stated thusly:
“It is an established rule, known as the doctrine of res ipsa loquitur, that, where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.”
The above rule has been cited with approval in numerous Louisiana cases. However, in the case of Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437 (1948) the Supreme Court employed a somewhat extended version of the rule so as to utilize the res ipsa loquitur doctrine where injury was caused by an exploding gas heater not under the control of the defendant at the time of the accident ; in that case the court held:
“But the fact of possession and control by the defendant is not always an essential element. The doctrine has been held to be applicable in numerous actions where the offending articles were not possessed and controlled by *272 the defendants on the occurrence of the accidents, such as those for damages resulting from exploding bottles of carbonated beverages, from leakage of drums of acid, and from the blowout of a plug in a cylinder of acetylene gas. Important though in actions of this class is that the plaintiff prove freedom of fault on the part of all through whose hands the instrumentality passed after it left the defendant.” (Thereafter follows a long list of cited cases.)
However, we note the following language by Justice McCaleb when the case was affirmed on rehearing:
“It must be remembered that, in cases like this, (unlike most instances where res ipsa loquitur is invoked) the plaintiff does not obtain the benefit of the doctrine by merely showing the unusual accident and the resulting injury. On the contrary, plaintiff is required to establish with certainty that the instrumentality installed by defendant is the source of the damage; that he was without fault and that the time elapsing between the installation and the damage was such as to make it reasonably evident that the damage would not have been caused if the device had been free from defect and had been properly installed. * * * ”
In the instant case plaintiff presented no evidence to prove Snow was free of negligence. On this point we concur in the following written reasons of the trial judge:
“ * * * plaintiffs have failed to show that decedent, William Snow, Sr., was free of negligence in the operation of the gas system and heater on the morning of the explosion. The fact that the plaintiffs are unable to present evidence on this point does not relieve them of the burden to discharge this requirement before the court can correctly invoke the doctrine of res ipsa loquitur.”
For the reasons assigned, we find plaintiffs have failed to establish the damages sued for were occasioned by defendants’ fault, negligence, imprudence or want of skill, and the judgment is affirmed at appellants’ costs.
Affirmed.