258 So.2d 132 (1972)
Ona Bernice LARKIN, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Defendants-Appellees.
No. 11766.
Court of Appeal of Louisiana, Second Circuit.
February 1, 1972.
*134 Robinson & McKneely by Billy R. Robinson, Bossier City, for plaintiff-appellant.
Mayer & Smith by Caldwell Roberts, Shreveport, for Arkansas Louisiana Gas Co. and United States Fidelity and Guaranty Co., defendants-appellees.
Cook, Clark, Egan, Yancey & King by James E. Clark, Shreveport, for City of Bossier City, third party defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries sustained when she tripped and fell over a valve cover box, attached to a gas service line, while she was walking in the grass alongside the curb on the south side of Ogilvie Street in Bossier City. Made defendants are Arkansas-Louisiana Gas Company, hereinafter referred to as Arkla, and its named insurer.
For recovery, in addition to relying upon the doctrine of res ipsa loquitur, plaintiff, in the alternative, charged negligence to Arkla in placing an obstruction in a footpath without providing warning signals. Defendants denied the charges of negligence directed to them and, in the alternative, directed charges of contributory negligence to plaintiff, particularly in failing to keep a proper lookout, or to use the paved sidewalk on the north side of the street, or to take adequate precautions for her own safety.
Inasmuch as the alleged obstruction was located and the alleged accident occurred in the street right of way, defendants, in a third-party proceeding, caused the municipality of Bossier City to be made a thirdparty defendant from which they sought contribution or reimbursement in the event they were cast in damages.
After trial on the merits, there was judgment not only rejecting plaintiff's demands but rejecting defendants' third-party demands against the municipality. From this judgment, plaintiff appealed devolutively to this court. The defendants, out of an abundance of precaution, likewise appealed so far as concerned the third-party demand against the City.
The facts with reference to Arkla's liability may be briefly reviewed.
On the morning of January 13, 1970, about 9:00 o'clock, plaintiff walked westerly on the sidewalk along the north side of Ogilvie Street. In approaching the Methodist Church, to avoid the rough sidewalk continuing westerly from that point, plaintiff crossed the street and continued her journey westerly on the sidewalk alongside the south side of the street. After proceeding for some undisclosed distance, plaintiff came to the end of the sidewalk, whereupon she continued westerly by walking upon the grass near the street curb. The evidence negates the existence of any visible pedestrian pathway across the grass in the vicinity where plaintiff was then walking. While thus proceeding, plaintiff *135 testified, she tripped over what she described as a "gas pipe" which precipitated her fall over the curb into the street, causing severe and painful injuries to her head, a knee, and arms.
Plaintiff testified she did not see the valve cover box before stumbling upon it. But she was able to see it after she assumed a sitting position, though the box was almost obscured by leaves and grass which surrounded and covered it. Her testimony in this respect is corroborated by the testimony of two members of the Bossier City Police Department who testified that the cover was not readily seen because of the presence of the grass and leaves. One of the officers measured the box and found it to be 1 1/3 inches aboveground at its highest point. The other estimated its height to be 1½ to 3 inches aboveground.
As we are informed by the evidence, after a service line leads off from a gas main, a valve is placed on the service line for the purpose of extending the line and providing service to adjacent property. This valve serves to turn on or to discontinue the service to that particular property. This valve is protected by a cover in the nature of a box installed flush with the ground. The cover in the instant case had become tilted with a corner as the highest or most exposed part. This valve cover was shown to have been installed on March 5, 1920, almost 50 years prior to the accident. No history of prior accidents at this valve cover was noted or at any other similar cover in that period of time.
There is no showing how or when the valve cover may have become tilted with a corner slightly raised above ground. Various ways were suggested which might, or could, have caused the cover to assume that position, such as, for example, a lawn mower passing over it or the work of a plumber or plumbers in discontinuing or restoring services to the adjacent lot. Arkla denied it had any notice or knowledge of the condition complained of. There is no showing of any such knowledge on its part. No complaint with respect to the height of the cover was recounted by any of defendant's witnesses or employees.
Thus, from the above recital of the facts, it is readily seen that the valve cover was not in the exclusive control and possession of the defendant so as to render the doctrine of res ipsa loquitur applicable. In the absence of special circumstances sufficient to bring into operation the doctrine of res ipsa loquitur, the mere happening of an accident or the occurrence of an injury does not raise a presumption or authorize an inference of negligence on the part of the defendant. Moreover, the doctrine is a rule of evidence peculiar to the law of negligence and is an exception or a qualification of the general rule that negligence is not to be presumed but must be affirmatively established. The doctrine is, however, inapplicable where the injury might have been brought about by one, two, or more causes, neither of which is included nor excluded by any affirmative showing. Nor does the doctrine find application where, from the nature of the facts, it is reasonable to assume that the damage may have been caused by the negligence of another or through the instrumentality or the agency of another, or when the accident might have happened as the result of two or more causes with some of which defendant had no causal connection.
Shields v. United Gas Pipe Line Company, 110 So.2d 881, 884-885 (La.App., 2d Cir. 1959);
Anderson v. London Guarantee & Accident Co., 36 So.2d 741 (La.App., 2d Cir. 1948).
The defendant Arkla made no regular or routine inspections of its valve covers. The absence of any complaint for almost half a century would tend to refute any argument for the necessity of such inspections.
There is a general rule, with few exceptions and of which the present is *136 not one, that one must be guilty of fault or negligence or a delict of some kind to be liable for damage caused to another.
LSA-C.C. Art. 2315;
McIlhenny v. Roxana Petroleum Corporation, 10 La.App. 692, 122 So. 165 (1929).
As a general rule, fault is an essential basic ingredient of any charge of negligence or of any action for damages. The principle with which we are here presently concerned is tersely stated:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." (Emphasis supplied.)
LSA-C.C. Art. 2315.
The word "fault," as envisioned in this article, is synonymous with "negligence."
Samson v. Southern Bell Telephone & Telephone & Telegraph Co., 205 So.2d 496, 502 (La.App., 1st Cir. 1967);
Lyons v. Jahncke Service, Inc., 125 So. 2d 619 (La.App., 1st Cir. 1960).
"Negligence" is a failure to do what a reasonable and prudent person would ordinarily do under the circumstances, or the doing of what such a person under the existing circumstances would not do.
Bait, and Potomac R. R. Co. v. Jones, 95 U.S. 439, 24 L.Ed. 506;
Parrott v. Wells, 15 Wall. 524, 82 U.S. 524,21 L.Ed. 206;
Illinois Cent. R. Co. v. O'Neill, 177 F. 328, 100 C.C.A. 658cert. denied.
Thus, the basis or foundation of all liability in tort cases is fault.
Pitre v. Thibodeaux, 200 So.2d 360 (La. App., 4th Cir. 1967);
Tucker v. Travelers Insurance Company, 160 So.2d 440, 442 (La.App., 2d Cir. 1964);
Salley v. State Farm Mutual Automobile Ins. Co., 157 So.2d 638 (La.App., 2d Cir. 1963);
Wilson v. Eagle Gas Company, 154 So. 2d 270 (La.App., 2d Cir. 1963).
The jurisprudence of this State is uniform to the effect there must be fault or negligence or a delict of some kind, or a failure to perform some duty, and that such must be alleged and established by proof in order that recovery of damages may be permitted. See:
McIlhenny v. Roxana Petroleum Corporation, supra, 122 So. 165, 167, and the authorities therein cited.
However, it is also well established that for negligence to give rise to an action ex delicto under LSA-C.C. Art. 2315, it must be a proximate cause of the injury for which damages are sought.
Samson v. Southern Bell Telephone & Telegraph Co., supra, 205 So.2d 496, 502;
Harvey v. Great American Indemnity Company, 110 So.2d 595, 601 (La.App., 2d Cir. 1958).
Therefore, to constitute proximate cause as distinguished from remote cause, the negligent act must be the primary or moving cause of the injury, or that cause which in natural or continuous sequence, unbroken by any efficient or intervening cause, produces injury and without which the accident could not have happened, provided the injury is of such nature as to have been reasonably anticipated or foreseeable as the natural and probable consequence of the wrongful act.
Craig v. Burch, 228 So.2d 723 (La.App., 1st Cir. 1969writ refused);
Todd v. Aetna Casualty & Surety Company, 219 So.2d 538 (La.App., 3d Cir. 1969writ refused);
Hoover v. Wagner, 189 So.2d 20 (La. App., 1st Cir. 1966writ refused);

*137 Gay v. United States Fidelity & Guaranty Co., 76 So.2d 60 (La.App., 2d Cir. 1954);
Matranga v. Travelers Ins. Co., 55 So. 2d 633 (La.App., Orl.1951);
Anderson v. London Guarantee & Accident Co., 36 So.2d 741 (La.App., 2d Cir. 1948).
These principles of law were restated and emphasized by the Supreme Court of this State in Spiers v. Consolidated Companies, 241 La. 1012, 132 So.2d 879, 883-884 (1961), where it was declared:
"The law is well settled that a person cannot be held responsible on the theory of negligence for an injury from an act or omission on his part unless it appears that he had knowledge, or reasonably was chargeable with knowledge, that the act or omission involved danger to another. See 38 Am.Jur., Negligence, sec. 23, p. 665. In the case of Anderson v. London Guarantee & Accident Co., La.App., 36 So.2d 741, 746, the Court of Appeal cited numerous cases of this court on the subject, saying:
"` * * * Our jurisprudence is replete with cases which clearly define the degree of care required of an actor, from some of which we cite extracts as follows:
* * * * * *
""Negligence' has been defined to be the failure to use such care as is necessary to avoid a danger which should have been anticipated, by reason of which the plaintiff has suffered injury. Lopes v. Sahuque, 114 La. [1004], 1011, 38 So. 810; Baltimore & P. R. Co. v. Jones, 95 U.S. 439, 441, 24 L.Ed. 506; 6 Cyc. 591.

"`"A defendant can only be required to guard against a probable or anticipated danger. New Orleans & N. E. R. Co. v. McEwen & Murray, 49 La.Ann. 1184, 1196, 22 So. 675, 38 L.R.A. 134 * * *." Caillier v. New Orleans Railway & Light Company, 11 La.App. 93, 120 So. 76, 78.
"`"See also, Brandt v. New Orleans Public Service, Inc., 15 La.App. 391, 132 So. 244.
"`"The common usage of a business or occupation is frequently stated to be a test of care or negligence, and accordingly, conformity to custom or usage is very generally regarded as a matter proper for consideration in determining whether or not sufficient care has been exercised in a particular case, * * *." 45 Corpus Juris 706.
"`The Supreme Court of this State in New Orleans & N. E. R. Company v. McEwen & Murray, 49 La.Ann. 1184, 22 So. 675, 680, 38 L.R.A. 134, said:
"`"`Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made is insufficient as against an event such as may happen once in a lifetime, or perhaps twice in a century, does not * * * make out a case of negligence upon which an action in damages will lie.'"
"`In the same case our Supreme Court quoted with approval from the case of Huber v. LaCrosse City Railway Company, 92 Wis. 636, 66 N.W. 708, 31 L.R.A. 583, 53 Am.St.Rep. 940, decided by the Supreme Court of Wisconsin, affirming what it had said in Block v. Milwaukee St. Railway Company, 89 Wis. 371, 61 N.W. 1101, 27 L.R.A. 365, 46 Am.St.Rep. 849, as follows:

"`"`The negligence is not the proximate cause of the accident, unless * * under all the circumstances, the accident might have been reasonably foreseen by a man of ordinary intelligence and prudence. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable consequence. * * * A mere failure to ward against a result which could not have been reasonably anticipated is not actionable negligence.'" Keller v. Stevenson, La.App., 6 So.2d 569.'"
*138 Thus, the general rule is that before an act of commission or of omission may be regarded as negligence, the person charged therewith must have knowledge or notice that such act or omission involves danger to another, or as a reasonably prudent person, he should have foreseen or anticipated the injury or danger and guarded against it. Anticipation and foreseeability are, therefore, important considerations in determining liability for negligence. The governing consideration as to the knowledge or notice of a defect or danger required for a showing of negligence is what the person sought to be charged should have reasonably foreseen or anticipated; and the rule is that one is bound to anticipate and guard against the reasonable and natural consequences of his own conduct or wrongful acts. Thus, actual anticipation is not the test but what one should, under the circumstances, reasonably anticipate as a consequence of his conduct. However, a person is not chargeable with negligence in failing to provide against danger or injury which a reasonably prudent person would not have foreseen or anticipated.
Negligence, therefore, cannot be predicated upon an act of commission or upon a failure to act where there is no reason to anticipate that injury of any kind might result. Consequently, it may not be said that reasonable anticipation of injury or danger is required where the injury or danger is unlikely, improbable, impossible, or would occur only under exceptional, unusual, or abnormal circumstances.
Gauging the facts of this case by the aforesaid principles and rules of law, it cannot be said that defendant Arkla should have foreseen or anticipated that injury or danger to third persons would have resulted from the installation of a valve cover to a gas service line imbedded flush with the top of the soil a half century ago in an area not even yet adapted to or generally used as a pedestrian pathway. Fault on the part of Arkla as a proximate cause of the accident was not established.
Inasmuch as plaintiff's demands are being rejected, the third-party proceeding presents no issues requiring our attention.
We find no error in the judgment appealed; hence, it is affirmed at plaintiffappellant's costs.
Affirmed.